OPINION OF THE COURT
Edward J. Greenfield, J.
In this CPLR article 78 proceeding, petitioner, the owner of a rent-stabilized apartment building, challenges an opinion and a compliance order rendered by the Conciliation and Appeals Board (CAB) on the ground that the agency acted in excess of its jurisdiction.
In March 1983 petitioner filed an application with the CAB for permission to withhold a renewal lease for apartment 10 at 233 East 60th Street in Manhattan on the ground that the apartment was not the tenant’s primary residence. On September 29,1983, the CAB issued an opinion which stated, inter alla, that pursuant to the Laws of 1983 (ch 403, § 55, eff June 30, 1983), the agency had been divested of jurisdiction to determine issues of nonprimary residence and that all nonprimary residence cases, including those pending on the effective date of the amended Rent Stabilization Code provision, were to be transferred to a court of competent jurisdiction. The CAB directed petitioner to serve the tenant with a 30-day notice to terminate *495 within 10 days of service of the agency’s order to be followed by the immediate initiation of court action. The opinion provided, further, that petitioner was to offer the tenant a renewal lease in the event court proceedings were not timely commenced.
A timely notice was served upon the tenant which was subsequently determined by petitioner’s trial counsel to be defective. Thus, a second 30-day notice, dated December 29, 1983, was served upon the tenant and, upon expiration thereof, a notice of petition and petition commencing summary proceedings was served.
By letter dated February 8, 1984, petitioner was informed by the CAB that her time to commence suit had long since expired and that unless the tenant was offered a renewal lease punitive measures would be taken including expulsion from the Rent Stabilization Association. Petitioner’s explanatory communications with the CAB proved fruitless and, by compliance order number 27,896-C-681, the CAB conditionally fined petitioner in the amount of two months’ rent unless she tendered a renewal lease to the tenant within 10 days after service of a copy of the order and within five days thereafter certified to the CAB that the renewal lease had been tendered. The order provided, further, that noncompliance would result in petitioner’s immediate expulsion from the Rent Stabilization Association and reversion of the subject premises to rent-control status.
In support of this application to enjoin enforcement of and vacate the compliance order and underlying opinion, petitioner maintains that the CAB was divested of jurisdiction over the res and subject matter of the primary residence question at issue and that its retention of jurisdiction, by placing temporal restrictions on the initiation of court proceedings was ultra vires and must be struck down.
It is settled law that an agency’s interpretation and construction of its own regulations and the legislation under which it functions will be given special deference if that construction is not irrational or unreasonable (Matter of Albano v Kirby, 36 NY2d 526; Minton v Domb, 63 AD2d 36). However, it is equally well settled that where statutory language is clear and unambiguous, the statute must be given literal effect (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205). In the case at bar, there is no dispute that the CAB was divested of all jurisdiction and that the only temporal prerequisite imposed by the new legislation was service of a notice of termination at least 30 days prior to commencement of a summary proceeding in accordance with Real Property Law § 232-a. The CAB’s ration *496 ale for imposing a time limitation for service of such notice, i.e., the speedy transfer of proceedings to the appropriate forum, is sound. However, the opinion and order containing that limitation and imposing sanctions for noncompliance are more restrictive than the statute upon which the order and opinion are based. As stated by the Court of Appeals in Matter of Trump-Equitable Fifth Ave. Co. v Gliedman (57 NY2d 588, 595): “an administrative agency cannot extend the meaning of the statutory language to apply to situations not intended to be embraced within the statute (Matter of Jones v Berman, 37 NY2d 42). Nor may an agency promulgate a rule out of harmony with or inconsistent with the plain meaning of the statutory language (Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., 45 NY2d 471; Matter of Harbolic v Berger, 43 NY2d 102).” Applying these principles to this case, it must be concluded that the imposition of conditions and, more importantly, severe sanctions by the CAB where the governing statute imposes none, mandates vacatur of the agency’s order.
Accordingly, petitioner’s application is granted.