OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion denied, and matter remanded to the court below for further proceedings.
In this holdover proceeding to recover possession of an apartment for landlords’ own use and occupancy, tenant moved to dismiss on two grounds. First, tenant asserted that landlords had vitiated the notice of intention not to renew the lease by accepting rent for several months after the expiration of the lease. Second, tenant argued that the proceeding had been brought by two owners and was thus not in compliance with the Rent Stabilization Code’s requirement that only one owner may recover possession of an apartment for personal use and occupancy (9 NYCRR 2524.4 [a] [3]). The court below granted the motion substantially on the first ground. The learned Judge reasoned that upon the expiration of a lease for a rent-stabilized apartment a landlord must either immediately commence an eviction proceeding or offer a renewal lease and that there is no third option of creating a month-to-month tenancy. Accordingly, the court concluded that upon landlords’ acceptance of rent, the lease was automatically renewed.
We reject this concept of the automatic renewal of a lease in the context of rent stabilization. When a landlord accepts rent after the expiration of a lease a month-to-month tenancy is created (Real Property Law § 232-c). The rule is not different when the lease is for an apartment that is subject to rent stabilization. It is true that the tenant may be entitled to a renewal lease and may maintain a proceeding to compel the landlord to issue one. It is also true that even absent such a proceeding, the tenant cannot be evicted solely upon the ground of landlord’s failure to offer such a lease (see, Friedman v Babic, 118 Misc 2d 565). But the mere acceptance of rent after the expiration of the lease cannot in and of itself be deemed an automatic renewal of the lease.
We also cannot agree with the proposition that the acceptance of rent after expiration of the lease vitiates the *277 notice of intention not to renew the lease. Although denominated a "termination notice” by the Rent Stabilization Code (9 NYCRR 2524.2), the notice of intention not to renew is not truly in the nature of a termination notice. No notice is needed to terminate a lease upon its expiration. What the Code requires is notice to the tenant of the intention of the landlord not to renew the lease. The acceptance of rent after service of such a notice is not so inconsistent with the continuation of an intention on the part of landlord not to renew the lease as to require that it be deemed a waiver of the notice of that intention (cf., Real Property Law § 232-c). There may well be circumstances in which a landlord cannot, for good reason, immediately commence an eviction proceeding (cf., Matter of Shubert v New York City Conciliation & Appeals Bd., 127 Misc 2d 494). While a tenant cannot be required to surrender possession until he has had an opportunity to challenge landlord’s claim in court, neither can a landlord be denied the right to collect rent prior to the commencement of the proceeding.
We also reject tenant’s contention that the proceeding must be dismissed because it was brought by two owners. It is true that under section 2524.4 (a) (3) of the Rent Stabilization Code (9 NYCRR) only one owner of a building may recover possession of an apartment for personal use. But this defect does not require dismissal of the proceeding. It is not alleged that either of the petitioners has previously sought another apartment for his or her own use. Under these circumstances, we see no prejudice to tenant in allowing the defect to be cured and the proceeding to be maintained; Upon remand, landlords shall, if they be so advised, designate which of them shall continue the proceeding and which shall withdraw and the petition shall be amended accordingly.
Kassoff, P. J., Monteleone and Scholnick, JJ., concur.