OPINION OF THE COURT
Bruce E. Scheckowitz, J.
In this holdover proceeding, petitioners David Keren Lu and Geok Kian Chua seek to recover possession of the rent-stabilized premises located at 331 68th Street, apartment IF, Brooklyn, New York on the grounds that petitioners require the premises for the use and occupancy of Aik S. Chia, the sister of copetitioner Geok Kian Chua, and have elected to terminate the tenancy of respondents Samira Alian and Almo Fathal Abouiner Naser, pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (a). Petitioners and respondent Samira Alian are represented by counsel. Respondent Almo Fathal Abouiner Naser has not appeared in this proceeding.
On April 23, 2007, respondent Samira Alian made a preanswer motion to dismiss this proceeding based upon her claims that the notice of nonrenewal failed to set forth sufficient facts and/or that the notice of nonrenewal was vitiated by the acceptance of rent during the window period between expiration of the lease and commencement of this proceeding. Pursuant to the June 18, 2007 decision and order of Judge Marcia J. Sikowitz, J.H.C., respondent’s motion was denied. On or about June 29, 2007, respondent Samira Alian interposed a written answer raising various affirmative defenses, including a defense that petitioners may not maintain this proceeding because they failed to comply with RSC § 2524.4 (a) (2), which requires petitioners to offer to respondent “an equivalent or superior housing accommodation at the same or lower regulated rent in a closely proximate area” due to respondent’s disability.
Subsequently, respondent moved for leave to depose petitioners and Aik S. Chia. The court granted this motion on consent and petitioners testified at an examination before trial. Mr. Lu testified that, at the time petitioners purchased the building, apartment 1R was vacant, and that he moved into this apart *209 ment. He also testified that apartment 2R later became vacant, and that he expanded his living space to include both apartments IR and 2R, which were physically connected with a staircase. Mr. Lu further testified that he allowed his mother to move into a third apartment that had become vacant as well. Petitioner Geok Kian Chua also testified at the deposition that copetitioner David Keren Lu is married to one of her sisters and that the petitioners are seeking to recover possession of the subject premises for the use of another sister, Aik S. Chia.
Respondent now moves for summary judgment dismissing this proceeding and for reasonable attorney’s fees. Respondent asserts that pursuant to RSC § 2524.4 (a) (3), only one individual owner of a building may recover possession of one or more dwelling units for personal use and occupancy. Respondent argues that this proceeding should be dismissed because petitioner David Keren Lu has already recovered possession of other apartments in the building for his own use and for his mother’s use, and therefore, copetitioner Geok Kian Chua may not recover possession of the subject premises for her sister’s use and occupancy.
Petitioners oppose respondent Samira Alian’s motion, and make a cross motion for leave to conduct discovery in the form of a request for production of documents, interrogatories, and a deposition of Samira Alian. Petitioners argue that the undisputed fact that petitioner David Keren Lu and his mother previously moved into vacant apartments in the building does not preclude copetitioner Geok Kian Chua from maintaining this holdover proceeding to recover possession of the subject premises for the use and occupancy of her sister Aik S. Chia. Petitioners assert that taking possession of a vacant apartment does not constitute “recovering” such apartment for the purposes of RSC § 2524.4 (a) (3). Petitioners also seek leave to conduct limited discovery as to the issue of respondent’s purported disability, as alleged in her answer.
Respondent Samira Alian does not oppose petitioners’ cross motion for discovery regarding the limited issue of respondent’s disability.
The motion and cross motion are consolidated for disposition.
The Law and Its Application
The Rent Stabilization Code generally permits an individual owner to recover possession of rent-stabilized apartments for his or her own use and occupancy and/or for the use and oc *210 cupancy of the owner’s immediate family. RSC § 2524.4 provides in relevant part that:
“The owner shall not be required to offer a renewal lease to a tenant, or in hotels, to continue a hotel tenancy, and may commence an action or proceeding to recover possession in a court of competent jurisdiction, upon the expiration of the existing lease term, if any, after serving the tenant with a notice as required pursuant to section 2524.2 of this Part, only on one or more of the following grounds:
“(a) Occupancy by owner or member of owner’s immediate family.
“(1) An owner who seeks to recover possession of a housing accommodation for such owner’s personal use and occupancy as his or her primary residence in the City of New York and/or for the use and occupancy of a member of his or her immediate family as his or her primary residence in the City of New York.” (See RSC § 2524.4 [a] [1].)
However, an owner’s right to recover possession of rent-stabilized apartments is subject to certain limitations, one of which is set forth pursuant to RSC § 2524.4 (a) (3) as follows: “The provisions of this subdivision shall only permit one of the individual owners of any building, whether such ownership is by joint tenancy, tenancy in common, or tenancy by the entirety to recover possession of one or more dwelling units for personal use and occupancy.”
While the statute makes it clear that only one individual owner may recover possession of rent-stabilized apartments, nowhere in the Rent Stabilization Code is the term “recover” defined. Black’s Law Dictionary provides alternative definitions; “recover” may mean “[t]o get back or regain in full or in equivalence” or “[t]o obtain by a judgment or other legal process.” (See Black’s Law Dictionary 1302 [8th ed 2004].)
In the instant proceeding, respondent argues that the court should apply the more general meaning of the term “recover” and find that the fact that petitioner David Keren Lu regained possession of vacant apartments for his own use and occupancy and for his mother’s use and occupancy, albeit without commencement of legal proceedings, now precludes co-petitioner Geok Kian Chua from recovering possession of the subject premises for the use and occupancy of her sister Aik S. Chia. Petitioners argue, on the other hand, that the court should apply the more specific meaning of the term “recover” and find *211 that Geok Kian Chua may maintain this proceeding to recover possession of the subject premises for her sister’s use and occupancy because neither Geok Kian Chua nor David Keren Lu have commenced previous legal proceedings to recover possession of any apartments in the subject building.
There is some case law to support petitioner’s position. In Kourkoumelis v Vincenzini (NYLJ, May 31, 1994, at 35, col 4 [App Term, 2d Dept]), the court, as a matter of dicta, noted that
“the construction of the [lower] court of section 2524.4 (a) (3) of the Rent Stabilization Code was proper in that since this petitioner is the first one seeking to ‘recover’ an apartment, he is not foreclosed from doing so based on the fact that another partner occupied a vacant apartment.”
The Appellate Term, First Department, has more specifically held that an action or proceeding must result in a final judgment in order for there to be a “recovery.” In Michel v Chumbley (NYLJ, Mar. 17, 1986, at 14, col 5 [App Term, 1st Dept]), the court found that an owner is not barred from commencing an “owner’s use” proceeding where a prior proceeding commenced by another one of the owners was not a “recovery” of the apartment because the matter did not result in a final judgment but instead was discontinued pursuant to an agreement between the parties supported by ample consideration.
Respondent cites one lower court case with a contrary holding. In Salaj v Welsh (2001 NY Slip Op 50015[U] [Hous Part, Civ Ct, Queens County 2001]), the court dismissed the proceeding, finding that an owner’s previous recovery of an apartment in the building after service of a “Notice of Nonrenewal of Lease and Termination of Tenancy,” but without obtaining a judgment of possession, precluded the co-owner from maintaining a proceeding to recover possession for her own personal use. There, the court attempted to construe the statutory language “according to its natural and most obvious sense, without resorting to an artificial or forced construction.” (2001 NY Slip Op 50015[U],*3.)
This court respectfully disagrees with the lower court’s holding in Salaj v Welsh, and instead follows the guidance provided by the Appellate Term, Second Department, in Kourkoumelis v Vincenzini (NYLJ, May 31, 1994, at 35, col 4 [App Term, 2d Dept]), and by the Appellate Term, First Department, in Michel v Chumbley (NYLJ, Mar. 17, 1986, at 14, col 5 [App Term, 1st Dept]). It is this court’s opinion that the term “recover,” as *212 utilized in RSC § 2524.4 (a) (3), means to recover possession by obtaining a final judgment of possession in a court of competent jurisdiction, rather than to regain possession merely by recovering vacant apartments.
It is relevant that RSC § 2524.4 (a) (3) is contained within part 2524 of the Rent Stabilization Code, which specifically enumerates the various statutory grounds for evictions of rent-stabilized tenants. It is clear to this court that, pursuant to the language of RSC § 2524.4, only one individual owner may commence an action or proceeding to recover possession of one or more rent-stabilized apartments, for his or her own use and occupancy and/or for the use and occupancy of his or her immediate family. The first sentence of RSC § 2524.4 plainly states that
“[t]he owner shall not be required to offer a renewal lease to a tenant, or in hotels, to continue a hotel tenancy, and may commence an action or proceeding to recover possession in a court of competent jurisdiction, upon the expiration of the existing lease term, if any, after serving the tenant with a notice as required pursuant to section 2524.2 of this Part, only on one or more of the following grounds” (emphasis added).
Section 2524.4 (a) of the Rent Stabilization Code, which sets forth the grounds for eviction based upon “owner’s use” and the limitations to these grounds, presupposes the commencement of an action or proceeding to recover possession. In this context, the term “recover” in RSC § 2524.4 (a) (3) refers to a “recovery” via commencement of an action or proceeding, and not merely the recovery of a vacant apartment.
It is not disputed that the instant proceeding is the first action or proceeding brought by either co-owner to recover possession of an apartment in the building. Therefore, the court finds that petitioner Geok Kian Chua may maintain this proceeding to recover possession of the subject apartment for her sister, in compliance with RSC § 2524.4 (a) (3). However, given that the statute only permits one co-owner to recover possession, the petitioners may seek to amend the petition to reflect Geok Kian Chua as the sole petitioner prior to trial. This defect is curable. (See Baginski v Lysiak, 154 Misc 2d 275, 277 [App Term, 2d & 11th Jud Dists 1992].)
Accordingly, the court hereby denies respondent’s motion for summary judgment dismissing this proceeding.
With the consent of respondent Samira Alian, the court hereby grants petitioners’ cross motion seeking leave to conduct *213 limited discovery as to the issue of respondent’s purported disability, raised by respondent as an affirmative defense set forth in her answer. Petitioners may conduct discovery pursuant to the proposed request for production of documents, interrogatories, and notice of deposition of Samira Alian. It is not disputed that petitioners have demonstrated “ample need” for the disclosure sought. (See New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983].) This proceeding is marked off calendar pending completion of disclosure and may be restored by motion.