OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, the order entered February 2, 2009 granting plaintiff’s motion for summary judgment and for the dismissal of defendant’s counterclaim is vacated and plaintiff’s motion for summary judgment and for the dismissal of defendant’s counterclaim is denied.
Plaintiff, defendant’s former landlord, instituted this action to recover damages based upon defendant’s alleged breach of a lease for a rent-stabilized apartment, which lease plaintiff claims was deemed renewed, pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2523.5 (c) (2), for a term of one year commencing on May 1, 2004 at a monthly rate of $1,080.17 (sic). It is undisputed that defendant vacated the premises in October 2004 and that defendant had paid plaintiff a security deposit in *31 the sum of $743.38. Plaintiff seeks to recover rent for the period from October 2004 through April 2005. Defendant interposed a counterclaim for the return of the security deposit.
Plaintiff moved for summary judgment and for the dismissal of defendant’s counterclaim. Plaintiff asserted, among other things, that the original lease term ran from May 1, 2002 through April 30, 2003 and that the lease was renewed by defendant for another year, ending April 30, 2004. In December 2003, plaintiff offered defendant a renewal lease to commence on May 1, 2004. However, defendant did not sign the renewal lease. Plaintiff further alleged that it had sent defendant a letter stating that unless he vacated the apartment and surrendered possession on or before April 30, 2004, the lease would be deemed renewed for one year at a monthly rent of $1,030.07 (sic) in accordance with the increases permitted by the Rent Guidelines Board. Plaintiff argued that, pursuant to the deemed renewal lease, it was entitled to the outstanding rent from, it claimed, October 2004 through April 2005. Defendant opposed the motion, averring that he had notified plaintiff in March 2004, both orally and in writing, that he would not be renewing the lease and that he would be vacating the apartment, a claim which plaintiff disputed. Defendant further asserted that he had paid the increased rent through October 2004. Defendant argued, among other things, that the RSC provision allowing a landlord to deem a lease renewed is invalid and that there was a question of fact as to whether the lease had been renewed. By order entered February 2, 2009, the Civil Court, ruling that the lease was deemed renewed pursuant to RSC § 2523.5 (c) (2) at the rate of $1,080.07 (sic) per month, granted plaintiffs motion for summary judgment and dismissed the counterclaim. Defendant’s appeal from that order is deemed to be from the judgment that was entered on October 30, 2008 pursuant to the order (see CPLR 5501 [c]).
Real Property Law § 232-c, enacted in 1959 (L 1959, ch 114, § 1), changed the common-law rule relating to holdover tenants by abolishing the right of a landlord, when a tenant whose term is longer than one month holds over after the expiration of the term, to elect to hold the tenant for a new term. The statute provides:
“Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by *32 virtue of the tenant’s holding over. In the ease of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.” (Real Property Law § 232-c; see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969].)
Notwithstanding the provisions of Real Property Law § 232-c, RSC § 2523.5 (c) (2), relied on by plaintiff herein, purports to grant a landlord of a rent-stabilized apartment the right to deem a lease renewed where a tenant who has failed to timely renew a lease remains in occupancy after the expiration of the lease. This provision states, in pertinent part:
“Where the tenant fails to timely renew an expiring lease or rental agreement offered pursuant to this section, and remains in occupancy after expiration of the lease, such lease or rental agreement may be deemed to have been renewed upon the same terms and conditions, at the legal regulated rent, together with any guidelines adjustments that would have been applicable had the offer of a renewal lease been timely accepted.” (RSC § 2523.5 [c] [2].)
Section 26-511 (b) of the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-511 [b], as amended) states that no provision of the Rent Stabilization Code “shall impair or diminish any right or remedy granted to any party by this law or any other provision of law.” In our view, RSC § 2523.5 (c) (2) impairs or diminishes a right granted by Real Property Law § 232-c insofar as it allows a landlord of a rent-stabilized apartment to opt to hold for a full term a tenant who holds over after the expiration of the lease without signing a renewal lease or entering into an “express or implied” agreement for a new lease. Thus, contrary to the determination of the Civil Court, the lease cannot be deemed renewed, pursuant to RSC § 2523.5 (c) (2), solely by virtue of the fact that defendant held over after the expiration of the lease ending on April 30, 2004.
However, plaintiff claims, in effect, that there was an implied agreement for a new lease because it notified defendant that if he held over after the expiration of the lease, the lease *33 would be deemed renewed at the monthly rate of $1,030.07 (sic) — the monthly renewal rate for a one-year lease — that defendant did not object, and that, in addition to remaining in possession, defendant paid the increased amount, thereby indicating his acquiescence to the terms set forth in plaintiffs letter. Defendant claims that he timely notified plaintiff that he would not be renewing the lease and that he would be vacating the premises, and thus that he held over as a month-to-month tenant, albeit at the higher monthly rental (Real Property Law § 232-c; see Martine Assoc., LLC v Donahoe, 11 Misc 3d 129[A], 2006 NY Slip Op 50294[U] [App Term, 9th & 10th Jud Dists 2006]; Baginski v Lysiak, 154 Misc 2d 275 [App Term, 2d & 11th Jud Dists 1992]; cf. Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]). In our view, upon this record, there is a triable issue of fact as to the existence of an implied agreement for a one-year lease.
We note that we need not at this juncture reach the issue of whether an implied agreement for a new lease can be found to exist where a rent-stabilized tenant who fails to sign a renewal lease holds over and yet pays the new higher rent set forth in the unsigned renewal lease without any other communication between the parties.
Accordingly, the judgment is reversed, the order granting plaintiffs motion for summary judgment and for the dismissal of defendant’s counterclaim is vacated, plaintiff’s motion is denied and the matter is remitted to the Civil Court for a trial.
Weston, J.P, Rios and Steinhardt, JJ., concur.