[910 NYS2d 848]

JEROME MIDDLETON, Claimant, v RALPH AVE ASSOCIATES PHASE II, LLC, Defendant.

Civil Court of the City of New York, Kings County, September 3, 2010

## APPEARANCES OF COUNSEL

*Jerome Middleton*, claimant pro se. *Ralph Ave Associates Phase II, LLC*, defendant pro se.

## OPINION OF THE COURT

MARGARET A. CHAN, J.

In this small claims action, claimant sought the return of a security deposit in the amount of $1,791.33, paid by him to defendant, Ralph Ave Associates Phase II, LLC. Claimant rented an apartment pursuant to a rent-stabilized lease. Prior to the lease termination, defendant presented claimant with a lease renewal. Claimant informed him of his intent not to renew. Once the lease expired, claimant continued paying rent at the increased rate and remained in possession for several more months. Ralph Ave contended that by virtue of claimant's continued possession of the apartment the lease was deemed to have renewed for another year. Claimant disagreed, arguing that his holding over created a month-to-month tenancy. Defendant asserted that it was entitled to claimant's security to offset the rent owed for the remainder of the renewed lease. A trial was held on August 25, 2010. Both sides appeared without counsel.

The Rent Stabilization Code (RSC), codified in 9 NYCRR 2523.5 (c) (2), provides:

> "Where the tenant fails to timely renew an expiring lease or rental agreement offered pursuant to this section, and remains in occupancy after expiration of the lease, such lease or rental agreement may be deemed to have been renewed upon the same terms and conditions . . . that would have been applicable had the offer of a renewal lease been timely accepted."

The only other statutory remedy available to a landlord in the situation where a tenant holds over on a rent-stabilized lease without renewing is to commence an action to recover possession (*see* RSC [9 NYCRR] § 2523.5 [c] [3]).

However, the Appellate Term in *Samson Mgt., LLC v Hubert* (28 Misc 3d 29 [App Term, 2d Dept, 11th & 13th Jud Dists 2010]) contrasted RSC § 2523.5 (c) (2) with Real Property Law § 232-c which determines the nature of a tenancy where a tenant holds over on a nonrent-stabilized lease. That section provides:

> "Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over. In the case of

such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term." (Real Property Law § 232-c.)

In their discussion of the statutes, the Appellate Term considered section 26-511 (b) of the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 3, § 26-401 *et seq.*), as amended, that stated no provision of the Rent Stabilization Code shall impair or diminish any right or remedy granted to any party by law (*Samson Mgt., LLC v Hubert*, 28 Misc 3d 29 [2010]). The Appellate Term held that RSC § 2523.5 (c) (2) impairs or diminishes a right granted by Real Property Law § 232-c, insofar as it permits a landlord of a rent-stabilized apartment to elect to hold for a full term a tenant who holds over after the expiration of the lease without signing a renewal lease or entering into an "express or implied" agreement for a new lease (28 Misc 3d at 32). The court further found that a rent-stabilized lease cannot be deemed renewed, pursuant to RSC § 2523.5 (c) (2), solely by virtue of the fact that a tenant held over after its expiration and rent was accepted (28 Misc 3d at 32).

Likewise, the Civil Court in Richmond County considered deemed renewals in an unreported decision—*Berkhin v Kinsor Mgt. Co.* (2002 NY Slip Op 40241[U] [Civ Ct, Richmond County 2002]). Judge Straniere found where the landlord, not the tenant, sought to invoke the terms of the RSC in order to hold the tenant responsible for the entire year's rent once the tenant held over into a new term, it was a perversion of the Rent Stabilization Code (*id.* at *2)—a code, the court explained, that was designed to protect tenant's rights (*id.*). The remedy available to defendant when claimant did not vacate the premises at the end of his lease was to begin an action for possession pursuant to RSC § 2523.5 (c) (3), which defendant did not do. This court cannot infer a remedy of a deemed renewal where the law does not provide one.

The Appellate Term in *Samson Mgt.* specifically noted that it need not reach the issue of whether an implied agreement for a

new lease can be found to exist where a rent-stabilized tenant who fails to sign a renewal lease holds over and yet pays the new higher rent set forth in the unsigned renewal lease without any other communication between the parties (*see* 28 Misc 3d at 33). Here, the claimant also paid the higher rent after his lease expired, however, he provided Ralph Ave with notice that he would vacate and not renew the lease. The claimant's communicated intent to vacate coupled with his statement to the defendant that he would not renew vitiates any implied agreement otherwise.

Notably, defendant is only seeking to invoke a deemed renewal as a defense to its failure to return a security deposit. Generally, security deposits for rent-stabilized units may not exceed the value of one month's rent and must be deposited in an interest-bearing account (*see* RSC § 2525.4). The RSC further states that only "at the *tenant's* option, the balance of the interest paid by the banking organization shall be applied for the rental of the housing accommodation, or held in trust until repaid, or annually paid to the tenant" and otherwise refers to article 7 of the General Obligations Law to govern security deposits (RSC § 2525.4 [c] [emphasis added]).

A security deposit remains the property of the tenant (*see* General Obligations Law § 7-103 [1]) and must be returned at the conclusion of the tenancy absent, for example, proof that the tenant caused damage beyond that attributable to ordinary wear and tear (*see id.*; *Community Prods., LLC v Northvale Prop. Assoc., LLC*, 61 AD3d 806 [2d Dept 2009]). In the case at bar, there was no claim of damage to the premises.

Accordingly, judgment is for the claimant in the amount of $1,791.33 with the interest it earned pursuant to the General Obligations Law and the Rent Stabilization Code and statutory interest from the date of suit, plus costs and fees.