Fairfield Beach 9th, LLC v Shepard-Neely (2021 NY Slip Op 21339)

Fairfield Beach 9th, LLC v Shepard-Neely

2021 NY Slip Op 21339 [74 Misc 3d 14]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 9, 2022

[*1]

Fairfield Beach 9th, LLC, Respondent,
v
Barbara Shepard-Neely, Appellant, et al., Respondent, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 10, 2021

APPEARANCES OF COUNSEL

 Janet Sabel, The Legal Aid Society (Daniel S. Nakos of counsel), for appellant.
Horing, Welikson, Rosen & DiGrugilliers, P.C. (Melissa S. Levin of counsel) for respondent.

{**74 Misc 3d at 15} OPINION OF THE COURT

Memorandum.

Ordered that the final judgment, insofar as appealed from, is affirmed, without costs.
Landlord commenced this holdover proceeding to recover rent-stabilized premises in January 2018, pursuant to a 15-day notice of termination dated December 15, 2017, based upon tenants' failure to execute a renewal lease, after the previous lease expired on April 30, 2017. In her answer, Barbara Shepard-Neely (tenant) asserted, among other things, a counterclaim for rent overcharge.
Tenant moved for summary judgment dismissing the petition and upon her rent overcharge counterclaim, which, upon reargument, was denied by order of the Civil Court (Joel R. Kullas, J.) entered September 13, 2018. Subsequently, landlord and tenant entered into a stipulation in lieu of trial stating that "the sole issue before the court is whether the tender and acceptance of DSS shelter payments after the expiration of [tenant's] last renewal lease created a month-to-month tenancy that entitles [tenant] to the rights and benefits provided under RPL 232-a." They further stipulated that they "otherwise waive their right to trial." In a decision dated April 2, 2019, the Civil Court (John S. Lansden, J.) agreed with landlord and held that, under the circumstances, a month-to-month tenancy was not created. A final judgment awarding landlord possession was entered on April 3, 2019.
[*2]
We agree with the Civil Court's finding that a month-to-month tenancy was not created here (see Real Property Law § 232-c). The apartment is rent-stabilized and therefore tenant retains her rent-stabilized rights so long as she continues in possession of the apartment. A rent-stabilized tenancy cannot be monthly because the respective rights and responsibilities of a landlord and tenant under a month-to-month tenancy cannot be reconciled with the respective rights and responsibilities of a landlord and tenant of a rent-stabilized apartment. To the extent our prior cases suggested otherwise (see Jamsol Realty, {**74 Misc 3d at 16} LLC v German, 46 Misc 3d 11, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Baginski v Lysiak, 154 Misc 2d 275 [App Term, 2d Dept, 2d & 11th Jud Dists 1992]), they should no longer be followed (but see Jessamy v Waltonsteed, 13 Misc 3d 128[A], 2006 NY Slip Op 51742[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; Martine Assoc., LLC v Donahoe, 11 Misc 3d 129[A], 2006 NY Slip Op 50294[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
We note that tenant argues on appeal that the branch of her motion seeking summary judgment on her overcharge counterclaim should have been granted. While this issue was not preserved in the stipulation, tenant contends that, based on the doctrine of law of the case, she was precluded from further litigating the overcharge after her motion was denied. This argument lacks merit because "the denial of a motion for summary judgment is not an adjudication on the merits and establishes nothing except that summary judgment is not warranted at this time" (Vitality Chiropractic, P.C. v New York Cent. Mut. Fire Ins. Co., 17 Misc 3d 34, 35 [App Term, 2d Dept, 2d & 11th Jud Dists 2007] [internal quotation marks, brackets, and citation omitted]).
As we agree with the court's determination of the sole issue to be decided under the stipulation, the final judgment, insofar as appealed from, is affirmed.
Weston, J.P., Elliot and Toussaint, JJ., concur.