Fairfield Beach 9th, LLC v Shepard-Neely (2022 NY Slip Op
51351(U))

[*1]

Fairfield Beach 9th, LLC v Shepard-Neely

2022 NY Slip Op 51351(U) [77 Misc 3d 136(A)]

Decided on December 16, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-725 Q C

Fairfield Beach 9th, LLC,
Petitioner-Respondent,
against
Barbara Shepard-Neely, Appellant, Trinity Neely, and
John/Jane Doe, Respondents-Respondents. 

The Legal Aid Society (Daniel S. Nakos of counsel), for appellant.
Horing Welikson & Rosen, P.C. (Melissa S. Levin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Julie Poley, J.), dated April 16, 2020. The order granted the branch of landlord's motion
seeking leave to reargue its opposition to a motion by tenant Barbara Shepard-Neely to
dismiss the petition in a nonpayment summary proceeding, which prior motion had been
granted in an order of that court dated December 24, 2019, and, upon reargument,
vacated the order dated December 24, 2019 and denied tenant's motion.

ORDERED that the order dated April 16, 2020 is reversed, without costs, the branch
of landlord's motion seeking leave to reargue is denied, and the order dated December
24, 2019 is reinstated. 
In August 2019, landlord commenced this nonpayment proceeding to recover
possession of a rent-stabilized apartment based upon rent owed for the period from
September 2016 through April 2018. Prior to the commencement of this proceeding, in
January of 2018, landlord commenced a holdover proceeding against Barbara
Shepard-Neely (tenant) based upon her failure to renew a rent-stabilized lease that
expired on April 30, 2017 ("the holdover proceeding"). In a final judgment entered April
3, 2019, the Civil Court awarded landlord possession in that proceeding and gave tenant
an opportunity to cure. On April 19, 2019, tenant signed a renewal lease commencing
May 1, 2017 and ending April 30, 2018. It was not until [*2]November 8, 2019 that tenant signed a renewal lease
commencing May 1, 2018 and ending on April 30, 2019. The alleged arrears upon which
this August 2019 nonpayment proceeding is based accrued during the leases that expired
on April 30, 2017 and April 30, 2018. 
In October of 2019, after answering, tenant moved to dismiss the petition in this
proceeding, arguing that there was no lease in effect at the time the proceeding was
commenced and that "no rent ha[d] been accepted since her last renewal lease had
expired," which was on April 30, 2018. Tenant's attorney argued that the petition did not
allege that tenant had "defaulted in the payment of current rent i.e. rent that came due
under a current, unexpired lease, because a current unexpired lease d[id] not exist."
Counsel further argued that the petition should be dismissed because "a tenant can only
be dispossessed in a summary proceeding to recover real property under RPAPL §
711 (2) if there is a default under an agreement that conveys an immediate right of
possession to the tenant, i.e. 'the agreement under which the premises are held.' "
Landlord opposed the motion and, insofar as is relevant here, in a portion of its attorney's
affirmation labeled "Procedural History," discussed tenant's claim, in the holdover
proceeding, that "since Respondent continued to tender and Petitioner continued to
accept monthly rent payment, the tenancy became a month-to-month tenancy pursuant to
Section 232-c of the Real Property Law." Landlord also submitted an April 2, 2019
decision, made upon stipulated facts, in which the Civil Court awarded landlord
possession as against tenant in the holdover proceeding. (We note that we affirmed the
final judgment that was entered based upon this decision, agreeing with the Civil Court's
rejection of the argument that "the tender and acceptance of DSS shelter payments after
the expiration of [tenant's] last renewal lease created a month-to-month tenancy" [Fairfield Beach 9th, LLC v
Shepard-Neely, 74 Misc 3d 14, 15 (App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2021) (alteration in original)]). 
By order dated December 24, 2019, the Civil Court granted tenant's motion, relying
on two cases, 265 Realty, LLC v Trec (39 Misc 3d 150[A], 2013 NY Slip Op
50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]) and Underhill Ave. Realty, LLC v
Ramos (49 Misc 3d 155[A], 2015 NY Slip Op 51804[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2015]), in which this court held that no nonpayment
proceeding lies where a rent-stabilized lease was not renewed and the unpaid rent
purportedly accrued after the expiration of that lease. The Civil Court determined that,
because landlord commenced this nonpayment proceeding after tenant's rent-stabilized
lease had already expired on April 30, 2018 and no rent had been paid or accepted since
the expiration of tenant's lease, the petition had to be dismissed.
Landlord moved to reargue its opposition to tenant's prior motion to dismiss, relying,
in part, on a "resident ledger" which showed that partial payments of rent had been made
each month during the period from May 2017 through December 2017; that no payments
were made during the period from January 2018 through September 2018; and that,
thereafter, partial payments of rent were made each month during the period from
October 2018 through December 2019. Landlord did not explain why this document had
not been submitted in opposition to tenant's initial motion. Landlord argued that, contrary
to the Civil Court's order granting tenant's motion, "rent was paid to [landlord] after the
expiration of the 2017 Lease Renewal." 
By order dated April 16, 2020, the Civil Court granted the branch of landlord's
motion seeking leave to reargue its opposition to tenant's motion to dismiss and, upon
reargument, vacated its December 24, 2019 order, denied tenant's motion to dismiss the
petition and restored [*3]the proceeding to the calendar.
The court stated that reargument was appropriate because the court had previously
overlooked that landlord's affirmation in opposition to tenant's motion to dismiss the
petition alleged that, subsequent to the expiration of the renewal lease on April 30, 2017,
tenant continued to tender and landlord continued to accept monthly rent payments, and
that landlord's opposition papers further included a copy of the April 2, 2019 decision in
which the Civil Court discussed "the issue of [landlord] receiving payments after
[tenant's] lease expired." Concluding that rent had been accepted after the expiration of
the lease, the court determined that 265 Realty, LLC v Trec (2013 NY Slip Op
50974[U]) and Underhill Ave. Realty, LLC v Ramos (2015 NY Slip Op
51804[U]) were not applicable to this proceeding. The court held that (1) the "tenancy
continues on the same terms as those contained in the expired Rent Stabilized lease" and
(2) proof of an agreement to pay rent, as required by RPAPL 711 (2), "is present here
where petitioner seeks to collect only the rent stated in the last fully executed Rent
Stabilized renewal lease."
On appeal, tenant argues that the court improperly granted the branch of landlord's
motion seeking leave to reargue its opposition to tenant's motion because the court's
determination that rent payments were made and accepted after April 30, 2018 was based
solely upon newly submitted evidence—the "resident ledger"—as such
payments were not the subject of landlord's opposition papers or the April 2, 2019
decision. Tenant further argues that, in any event, her motion to dismiss the petition
should be granted because a nonpayment proceeding must be based on a tenant's failure
to pay rent due under a current agreement that gives the tenant a right to possess the
premises at the time the proceeding is commenced, and this proceeding is not based upon
a failure to pay rent that accrued under a current agreement.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly
overlooked or misapprehended by the court in determining the prior motion, but shall not
include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]; see Degraw Constr. Group, Inc. v
McGowan Bldrs., Inc., 178 AD3d 772, 773 [2019]). "While the determination to
grant leave to reargue lies within the sound discretion of the court, a motion for leave to
reargue is not designed to provide an unsuccessful party with successive opportunities to
reargue issues previously decided, or to present arguments different from those originally
presented" (Jaspar Holdings,
LLC v Gotham Trading Partners #1, LLC, 186 AD3d 582, 584 [2020] [internal
quotation marks and citations omitted]; see Degraw Constr. Group, Inc. v McGowan
Bldrs., Inc., 178 AD3d at 773; Rodriguez v Gutierrez, 138 AD3d 964, 967 [2016]). 
Here, in moving for leave to reargue its opposition to tenant's previous motion to
dismiss, landlord failed to demonstrate that the Civil Court overlooked or
misapprehended the relevant facts or law when the court originally determined, in the
December 24, 2019 order, that the proceeding should be dismissed. While landlord's
original opposition papers demonstrated that DSS shelter payments had been tendered
and accepted after the lease at issue in the holdover proceeding had expired on April 30,
2017, there was nothing in those papers to support the Civil Court's conclusion that
payments had been accepted after the most recent lease expiration. As landlord failed to
demonstrate that there was something relevant in its opposition papers that the Civil
Court actually overlooked or misapprehended, the Civil Court improvidently exercised
its discretion in granting the branch of landlord's motion seeking leave to reargue (see Matter of Anthony J. Carter,
DDS, P.C. v Carter, 81 AD3d 819, 820 [2011]; V. Veeraswamy Realty v [*4]Yenom Corp., 71 AD3d 874, 874 [2010]; Renelique v American Tr. Ins.
Co., 57 Misc 3d 145[A], 2017 NY Slip Op 51450[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2017]).
To the extent landlord's motion sought, in effect, leave to renew its opposition to
tenant's motion by making new allegations and supporting those allegations with a
"resident ledger" that had not been submitted in opposition to the original motion
(see CPLR 2221 [e]), it likewise should not have been granted. Landlord failed to
provide a "reasonable justification" for its failure to present the facts and document in its
original opposition to tenant's motion (CPLR 2221 [e] [3]; see JNG Constr., Ltd. v
Roussopoulos, 170 AD3d 1136 [2019]; Mosquera v Roach, 151 AD3d 1056 [2017]). In any event,
any such payments would seem to be irrelevant in light of our holding in Fairfield Beach 9th, LLC v
Shepard-Neely (74 Misc 3d 14). 
Even were we to find that leave to reargue had been properly granted, we agree with
tenant's argument that her motion to dismiss the petition was properly granted in the
December 24, 2019 order. It is undisputed that no rental agreement was in effect when
this proceeding was commenced, and a nonpayment proceeding lies only where a "tenant
has defaulted in the payment of rent, pursuant to the agreement under which the premises
are held" (RPAPL 711 [2]) or, in other words, there must be a rental agreement in effect
at the time the proceeding is commenced pursuant to which rent is due and owing
(see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]; 615 Nostrand Ave. Corp. v
Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Licht v Moses, 11 Misc 3d
76 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Thus, this nonpayment
proceeding does not lie (see 265 Realty, LLC v Trec, 2013 NY Slip Op
50974[U]). 
Accordingly, the order dated April 16, 2020 is reversed and the branch of landlord's
motion seeking leave to reargue is denied and the December 24, 2019 order is reinstated.

ALIOTTA, P.J., and TOUSSAINT, J., concur.
WESTON, J., dissents and votes to affirm the order in the following memorandum:
We are challenged on this appeal with addressing an issue that is as complex as it is
mired in the ideological debate over how to manage the housing crisis that plagues our
nation (Maxwell Breed, "Up For the Taking: Could New Holdings Destabilize Rent
Stabilization in New York," NYLJ, June 17, 2022; Emily Badger and Eve Washington,
"The Housing Shortage Isn't Just a Coastal Crisis Anymore," New York Times, July 14,
2022; Joint Center for Housing Studies of Harvard University, "The State of the Nation's
Housing 2022," Harvard University; Bill Miller, "Affordable Housing Advocates Fret
Over Proposed Stabilized Rent Hike," The Tablet, June 3, 2022; Nolan Hicks, "Rent
Stabilized Apartments in NYC to See Rent Hikes Thanks to Board Vote," The NY Post,
June 21, 2022). What is before the court on this appeal is not merely a finite
question of whether reargument was properly granted, that would be simple, it was a
proper act of discretion for the reasons stated by the Civil Court (see Petersen v Forest City Ratner
Cos., LLC, 203 AD3d 1091 [2022]). Confronted by this challenge, the Court
today has strategically pivoted away and punted it to another day, in hopes perhaps the
questions that have arisen will go away or that another bench will be more adept
to handle them.
Landlord commenced this nonpayment proceeding in August 2019 based upon rent
owed for the period from September 2016 through April 2018. The arrears accrued
during two leases, a rent-stabilized renewal lease ending April 30, 2017, and a
rent-stabilized renewal lease for the [*5]period May 1,
2017 through April 30, 2018. Tenant did not sign the second lease until April 19, 2019,
after the Civil Court awarded landlord possession in a failure-to-renew holdover
proceeding and gave tenant an opportunity to cure. Thus, when the second lease was
signed, the term had expired the previous year [FN1]
. Tenant's action created a quagmire where rent was due on a valid lease that was not
executed until the term had expired.
By deciding this appeal on a procedural issue, the majority skirts the true issues
presented by this appeal. What happens when a tenant is "in possession" of an apartment
pursuant to a "rental agreement" under rent stabilization laws and the payment of rent is
tendered and accepted subsequent to the expiration of the last renewal lease? What sort
of tenancy is created in the interim and what remedy is available to secure any unpaid
rent between execution of renewal leases, particularly should the lease remain unsigned
until the term has expired?
Unlike other tenancy situations, a landlord is required under the Rent Stabilization
Code to offer a stabilized tenant a renewal lease 120 days before the lease term expires
(see 9 NYCRR § 2523.5). To be certain, these questions that have emerged
may require legislative action to truly address the loophole created by prior decisions and
the enactment of the Rent Stabilization Code. I do not profess to have the resolution at
hand except to recognize that avoidance does not serve either landlords or tenants in
understanding the proper procedures to follow when faced with unsigned renewal notices
and post lease rental payments. However, attempting to address this quagmire by feigned
procedural irregularities is in my humble opinion not the solution.
The order appealed from is not contrary to the rule of law governing a motion to
reargue. A motion for reargument is addressed to the sound discretion of the court which
decided the prior motion and reargument may be granted upon a showing that the court
overlooked or misapprehended the facts or law or for some reason mistakenly arrived at
its earlier decision (LaSalle
Bank N.A. v Lawrence, 186 AD3d 1507 [2022]; Coke-Holmes v Holsey Holdings,
LLC, 189 AD3d 1162 [2020]; Carrillo v PM Realty Group, 16 AD3d 611 [2005]). The
rationale for this is simple: that court is in the best position to address any inaccuracies in
its decision making (Deutsche
Bank Natl. Trust Co. v Russo, 170 AD3d 952 [2020]).
Here, landlord alleged that the Civil Court overlooked or misapprehended matters of
fact which were argued in the original motion. In deciding tenant's original motion to
dismiss the court specifically found that when this nonpayment proceeding was
commenced, the last renewal lease had expired and that no rent had been paid or
accepted after the expiration of the renewal lease. Contrary to the court's original finding,
rent had been paid after tenant's lease expired. An argument tenant misrepresented in the
original motion, but did not dispute on reargument. It is this erroneous representation
which prompted the Civil Court to determine that a misapprehension of the facts had
occurred. 
The Civil Court provided an extensive explanation for its rationale in granting
reargument, detailing the facts which were misapprehended by the court in reaching its
[*6]conclusion. Prior to granting reargument, the court
noted "that for the purpose of this motion, the Court cannot consider that portion of
Petitioner's argument concerning the Rent Stabilization renewal lease . . . which was not
raised in the prior motion." The majority's summary finding that it was an abuse of
discretion for the lower court to grant reargument as landlord failed to demonstrate a
proper basis for seeking leave to reargue is just wrong. They ignore that the Civil Court
specifically held "the issue of rent being paid after the expiration of [tenant's] rent
stabilized lease is not a new fact that is being raised for the first time." Indeed, the
argument that rent was paid after the term ended was raised by landlord and flatly denied
by tenant in the original motion. The court properly found it mistakenly arrived at its
earlier decision and granted reargument.
The facts of this case may be an anomaly caused by the order to cure which resulted
in leases being proffered after their terms had expired. But when a rent stabilized tenant
refuses to timely renew their lease, stays in possession, and partially pays rent, a situation
arises that is not seemingly contemplated by existing legal analysis or statute. The
potential of abuse is evident and the consequential uncertainty facing the parties can have
draconian effects.
Accordingly, I vote to affirm the Civil Court's order and invite the legislative branch
to revisit the rent stabilization laws that would allow a situation like this to manifest.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2022

Footnotes

Footnote 1: Tenant similarly did not
sign the most recent renewal lease, which was for the period commencing May 1, 2018
and ending on April 20, 2019, until this nonpayment proceeding was pending.