594 Rogers BH LLC v Frederick (2024 NY Slip Op 50108(U))

[*1]

594 Rogers BH LLC v Frederick

2024 NY Slip Op 50108(U)

Decided on February 2, 2024

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 2, 2024
Civil Court of the City of New York, Kings County

594 Rogers BH LLC, Petitioner,

against
Brandy Frederick, Respondent.

Index No. LT No. 323174-23

Hannah Cohen, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of respondent's motion seeking dismissal pursuant to CPLR 3211 (a)(7) or to file a late answer per CPLR 3012 and ensuing opposition and reply.
Papers    
Numbered
Notice of Motion 1
Opposition 2
Reply 3
Upon the foregoing cited papers, the Decision and Order on this Motion is as follows:
Petitioner commenced this nonpayment proceeding in August 2023 seeking rental arrears of $0.06 in August 2022 and September 2022 rent through June 2023 at $1,451.87 per month. Respondent appeared and asserted the following affirmative defenses: (1) the rent or part of the rent has already been paid to petition, warranty of habitability and general denial. The premises is subject to rent stabilization.
Respondent now with counsel seeks to dismiss the proceedings entirely pursuant to CPLR 3211(a)(7) in that respondent, a rent stabilized tenant did not have a renewal lease from 2019 through September 2023, and as there was no lease in effect when petitioner commenced this proceeding, petitioner may not maintain this proceeding.
In support respondent provides a copy of the 2018-2019 rent stabilized lease, copy of DHCR registrations, copy of the new lease provided in May 2023, signed on June 13, 2023 but commencing on September 1, 2023 at $1,499.06. Respondent argues that as the petition was filed in August 2023 and seeks rent for a period when no lease was in effect and before the current lease would take effect in September 2023, petitioner may not maintain this proceeding pursuant to the holding in the second department in Fairfield Beach 9th LLC v Shepard-Neely, 77 Misc 3d 136(A) [AT 2nd Dept,11th & 13th Jud. Dists 2022]).
In opposition petitioner notes that the building was in a foreclosure and then a receivership and that petitioner, the new owner promptly provided leases. Petitioner argues that [*2]it is only seeking rental arrears from the time petitioner owned this building forward, at respondent's last rental amount. Petitioner also notes that as respondent made a few rental payments to the new owner, respondent acknowledged that rent is due and created an implied agreement to pay rent while acknowledging its tenancy by signing the current rent stabilized lease.
Courts have held that on a motion to dismiss pursuant to CPLR 3211(a)(7), RSC 2524.2(a) and (3), a court must determined whether accepting as true the factual allegations in the petition and according the plaintiffs the benefits of any favorable inferences, the plaintiff can succeed upon any reasonable views of the facts and whether the pleadings have a cause of action (See Rochdale Village Inc., v Zimmerman, 2 AD3d 827 [AD 2nd Dept 2003]). Additionally, the allegations in the pleadings cannot be vague or conclusory (see Stolanoff v Gahona, 248 AD2d 525 [AD 2nd Dept 1998]). The courts role in determining a motion to dismiss, is limited to determining whether the complaint state a cause of action (Frank v Daimler Chrysler Corp., 292 AD2d 118 [1st Dept 2002]). The standard is not whether a party has artfully drafted the pleadings, but whether deeming the pleading to allege whatever can be reasonably implied for its statements, a cause of action may be sustained (Stending Inc. v Thom Rock Realty co., 163 AD2d 46 [1st Dept 1990]). The pleading must be liberally construed and the court must accept the allegations as true (see MBK associated of New York LLC v Waddell, 2005 WL 5959961 [NY Co Supreme 2005]). If the allegations manifest any cognizable cause of action, the motion must be denied (See Fishberger v Vos, 51 AD3d 627 [2nd Dept 2008]) 
It is well settled that a nonpayment proceeding lies only where there is a landlord-tenant relationship between the parties and there has been a default 'in the payment of rent, pursuant to the agreement under which the premises are held' (RPAPL 711 [2])" (329 Union Bldg. Corp. v LoGuidice, 47 Misc 3d 1, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see 459 Webster Ave., LLC v Green, 64 Misc 3d 146[A], 2019 NY Slip Op 51349[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Rutland Rd. Assoc., L.P. v Grier, 55 Misc 3d 128[A], 2017 NY Slip Op 50370[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Therefore, the failure to pay use and occupancy is not a proper basis for a nonpayment proceeding (see Underhill Ave. Realty, LLC v Ramos, 49 Misc 3d 155[A], 2015 NY Slip Op 51804[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Putnam Realty Assoc., LLC v Piggot, 44 Misc 3d 141[A], 2014 NY Slip Op 51306[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Rochdale Vill., Inc. v. Chadwick, 73 Misc 3d 131(A) (NY App. Term. 2021;
A nonpayment proceeding must be predicated on an agreement to pay rent. A nonpayment proceeding lies only where a "tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held" (RPAPL 711 [2]) or, in other words, there must be a rental agreement in effect at the time the proceeding is commenced pursuant to which rent is due and owing (see Matter of Jaroslow, 23 NY2d 991, 993 [1969]; ZB Prospect Realty v. Olenick, 79 Misc 3d 592, 593—96, 191 N.Y.S.3d 895, 895—97 (NY Civ. Ct. 2023) Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53 [App Term, 2d, 11th & 13th Jud Dists 2013]; 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d, 11th & 13th Jud Dists 2013]; Licht v Moses, 11 Misc 3d 76 [App Term, 2d & 11th Jud Dists 2006]; Fairfield Beach 9th, LLC v. Shepard-Neely, 77 Misc 3d 136(A), 182 N.Y.S.3d 486 (NY App. Term. 2022); 7 E. 14, LLC v. Libson, 79 Misc 3d 1230(A), 191 N.Y.S.3d 923 (NY Civ. Ct.), aff'd, 81 Misc 3d 130(A), 198 N.Y.S.3d 859 (NY App. Term. 2023).
Based upon the September 2023 lease, it is un controverted that there was no rental agreement in effect between the parties in August 2023, when this case commenced and during the period for rent sought, as the landlord's predecessor and or receiver had presumably failed to issue a renewal lease to tenant. These facts fall squarely within the ambit of Shepard-Neely. The lease expired. Rent was paid after the lease expired. The tenant stopped paying rent. The landlord sued, but no lease was in effect at the time of commencement. The landlord was therefore not entitled to take advantage of a summary remedy for nonpayment of rent.
The court hereby dismisses the petition without prejudice to landlord's commencement, if landlord be so advised, of a plenary action for the recovery of use and occupancy for the period in question or commencement of a summary holdover proceeding pursuant to RSC 2524.3 (f) if petitioner believes past renewal leases were offered to respondent, but not signed.
Accordingly, it is ORDERED that the motion is granted and petition dismissed. This constitutes the court's decision and order.
Dated: February 2, 2024
Brooklyn, New York
Hannah Cohen, J.H.C.