| Hillside Park 168 LLC v Sattar |
|---|
| 2026 NY Slip Op 30000(U) |
| January 2, 2026 |
| Supreme Court, Queens County |
| Docket Number: Index No. 723023/24 |
| Judge: Timothy J. Dufficy |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**Short Form Order**

FILED
1/6/2026 TA
COUNTY CLERK
QUEENS COUNTY

## NEW YORK SUPREME COURT - QUEENS COUNTY

**PRESENT: HON. TIMOTHY J. DUFFICY**          **PART 35**
                 **Justice**

---------------------------------------------------------------x

   **HILLSIDE PARK 168 LLC,**

                **Plaintiff,**

         **-against-**


   **SALEHA SATTAR, SAROWAR HOSSAINE,**

              **Defendants.**

---------------------------------------------------------------x

**Index No.: 723023/24**
**Mot. Date: 7/22/25**
**Mot. Seq.: 2**

The following papers were read on this motion by defendant Saleha Sattar (Sattar) for an order dismissing plaintiff's Complaint, pursuant to CPLR 3211(a)(4).

**PAPERS**
**NUMBERED**

| | |
|---|---|
| Notice of Motion ................................................................ | EF 19 |
| Memorandum of Law.............................................................. | EF 20 |
| Affidavits-Exhibits ............................................................. | EF 21-44 |
| Answering Affidavits-Exhibits ........................................... | EF 46-53 |
| Memorandum of Law in Reply............................................. | EF 55 |
| Affidavits-Exhibits.............................................................. | EF 56-59 |

Upon the foregoing papers, it is ordered that the motion defendant Saleha Sattar (Sattar) for an order to dismiss plaintiff's Complaint is granted.

Plaintiff commenced this action through the filing of a Summons and Complaint, on October 29, 2024. Therein, the plaintiff alleges, among other things, that: it is the owner in fee and landlord of the premises, located at 88-15 168th Street, Jamaica, New York (premises); Sattar is a tenant, at Apartment 5C, a rent-stabilized apartment, at the premises, pursuant to a lease executed, on or about May 1, 2017; and, co-defendant Sarowar Hossaine (Hossaine) is the guarantor of the lease.

1

[* 1]

The Complaint further alleges that Sattar failed to execute an amended lease that was offered at the expiration of the original lease and that Sattar owes the plaintiff $80,557.74 in "use and occupancy."

Sattar now brings the instant motion contending that, as the plaintiff had brought two (2) cases against Sattar and Hossaine, in the Civil Court of the City of New York, County of Queens: Housing Part (Housing Part or Civil Court, Housing Part), prior to the commencement of this lawsuit - in February 2020 (2020 action) and January 2023 (2023 action) - respectively, the Complaint should be dismissed, with prejudice, pursuant to CPLR 3211(a)(4). The court file reflects that the 2023 action is currently stayed, pursuant to a Decision/Order by Hon. Clifton Nembhard, dated March 26, 2024 (Housing Part D).

In the 2020 action (*Hillside Park 169 LLC v Saleha Sattar and Sarowar Hossaine et al., Queens L&T 053103/2020*), which is a holdover proceeding, the plaintiff contended that Sattar declined to sign a renewal lease that was mailed to her, in late December of 2018, and the plaintiff also seeks monthly use and occupancy of $1,460.00, plus interest, from February, 2020 onward. In the 2023 action, which is a non-payment proceeding, the plaintiff seeks $29,200.00 in rent arrears through January of 2023.

The court file reflects that the plaintiff also commenced an action against Sattar, in in the Civil Court of the City of New York, County of Queens: Housing Part (Small Claims Part) for, among other things, late fees and legal fees.

Additionally, Sattar alleges that, on December 6, 2024, shortly after the instant action was commenced, the plaintiff filed a third action in Queens Housing Court: *Hillside Park 169 LLC v Saleha Sattar and Sarowar Hossaine et al., Queens L&T 319345/2024* (2024 action). In the 2024 action, the plaintiff also alleges that Sattar failed to sign a renewal lease, and seeks the same amount of rent it is seeking in the instant action: $83,355.74 - covering February 1, 2020 to the present.

Since this motion was made, in Civil Court, Queens County, Sattar and the plaintiff entered into a So-Ordered - Stipulation of Settlement - to discontinue the 2020 action "without prejudice to L&T # 319343/24" [sic] (2024 action), dated May 21, 2025 (NYSCEF Doc. No. 57).

CPLR 3211 (a) (4) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against [them] on the ground that . . . there is another

2

[* 2]

action pending between the same parties for the same cause of action in a court of any state or the United States."

"A court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (*Mazzei v Kyriacou*, 139 AD3d 823, 824 [2d Dept 2016] quoting, *DAIJ, Inc. v Roth*, 85 AD3d 959 [2d Dept 2011]; *see* CPLR 3211[a][4]).

Thus, Sattar's motion is granted. The record reflects that, in addition to this action, the plaintiff has another action pending in the Housing Part for substantially the same relief that is sought in the instant action.

Plaintiff's argument that, since there is no longer a lease in effect, it is barred from maintaining an action in housing court due to *Fairfield Beach 9th LLC v Shepard-Neely*, 77 Misc 3d 136(A), 2022 NY Slip Op 51351[U], App. Term [2d Dept 2022] is unavailing. A review of *Shepard-Neely* and its progeny indicates that *Shepard-Neely* stands for the proposition that it applies only to non-payment proceedings, not to holdover proceedings. Indeed, as noted in *ZB Prospect Realty v Olenick*, 79 Misc.3d 592 (Civ. Ct. Kings County 2023), which was decided after *Shepard-Neely* and is cited by the plaintiff, even though there is no lease, "the law does not leave [plaintiff] without remedy. Here, as the tenancy is rent-stabilized, [plaintiff] could commence a holdover summary eviction proceeding based on [defendant's] failure to sign a lease renewal."(*Id*.) Additionally, in *Krantz & Phillips, LLP v Sedaghati,* (2003 WL 222778 [(App. Term 1st Dept, Jan. 23, 2003]), the court held that while the landlord could not bring a non-payment action, because there was no lease, it could bring a holdover petition seeking to evict the tenant and also seek use and occupancy

Here, the plaintiff has exercised its rights by commencing the 2020 and 2024 actions in the Housing Part, which, as the plaintiff concedes, is the "preferred forum" for cases of this nature.

This Court, in its discretion, finds that this action and the Civil Court, Housing Part actions involve a substantial identity of parties, are sufficiently similar and the relief sought is substantially the same (*JPMorgan Chase Bank,, N.A. v Luxama*, 172 AD3d 1341 [2d Dept 2019]). "It is not necessary that the precise legal theories presented in the

3

[* 3]

first action also be presented in the second action [so] long as the relief . . . is the same or substantially the same" (*Dec v BFM Realty, LLC,* 153 AD3d 497, 497 [2d Dept 2017] [internal quotations marks omitted]).  The critical element is whether both suits arise out of the same subject matter or series of alleged wrongs (*see Jadron v 10 Leonard St., LLC,* 124 AD3d 842 [2d Dept 2015]).

Finally, "[t]he purpose of CPLR 3211(a)(4) " is to prevent a party from being harassed or burdened by having to defend a multiplicity of suits." (*Blank v Miller,* 122 AD2d 356, 358 [3d Dept 1986]. Additionally, as a matter of public policy, the ability of Supreme Court (which is facing its own post pandemic backlog, and shortage of personnel, resulting in every Supreme Court judge having a staggering inventory of cases) to dispense justice is inhibited when litigants attempt to improperly bring cases, in Supreme Court, which should be brought in the Civil Court, Housing Part, because the litigants believe they may get a quicker decision in Supreme Court.

Accordingly, it is

**ORDERED** that the motion by defendant Saleha Sattar (Sattar) is granted; and it is further

**ORDERED** that the plaintiff's Complaint is dismissed, with prejudice.

 **Dated: January 2, 2026**



**TIMOTHY J. DUFFICY, J.S.C.**

FILED
1/6/2026
COUNTY CLERK
QUEENS COUNTY

4