Wei Lin v Bin Zheng
2026 NY Slip Op 50806(U)
May 22, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Warranty of Habitability

Wei Lin, Respondent,
v
Bin Zheng, "John Doe" and "Jane Doe", Appellants.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 22, 2026
2024-445 Q C
Present: : Chereé A. Buggs, J.P., Wavny Toussaint, Karen Lin, JJ

Law Office of Rina Milos (Rina Milos of counsel), for appellants.
Schiller Law Group, P.C. (Chaim Howard Berglas of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (John S. Lansden, J.), dated March 28, 2024, and from two final judgments of that court, each entered March 28, 2024. The final judgments, entered pursuant to the decision, after a nonjury trial, awarded landlord possession and the sum of $118,200 against Bin Zheng, and possession and the sum of $9,000 against John Doe and Jane Doe, respectively.
[*1]
ORDERED that so much of the appeal as is from the decision is dismissed, as no appeal lies from a decision (see CCA 1702); and it is further,
ORDERED that the final judgment entered against Bin Zheng is affirmed, without costs; and it is further,
ORDERED that the final judgment entered against John Doe and Jane Doe is modified by vacating so much thereof as awarded landlord the sum of $9,000 as against them; as so modified, that final judgment is affirmed, without costs.
Landlord, the owner of a condominium unit located in a multiple dwelling, commenced this nonpayment proceeding in or about October 2020 seeking possession of the unit from tenant and undertenants based upon unpaid rents of $700 per month from May through July 2020 and $2,700 per month from August through September 2020. The petition states that landlord and Bin Zheng, tenant, entered into a written lease agreement that expired on April 30, 2019, wherein tenant agreed to a monthly rent of $2,700. Respondents moved to dismiss the petition (see CPLR 3211 [a] [1], [7]) on the ground that this nonpayment proceeding cannot be maintained because a lease agreement no longer exists. In opposition, landlord argued that a month-to-month tenancy exists because tenant continued to pay $2,700 after the written lease had expired. By order dated September 22, 2023, the Civil Court (John S. Lansden, J.) denied the motion. Respondents filed a notice of appeal therefrom but that appeal was dismissed by decision and order of this court dated April 22, 2024 after respondents failed to perfect the appeal.
At a nonjury trial, landlord testified that tenant initially continued to pay $2,700 after the [*2]expiration of the lease. Tenant testified that there were conditions in need of repair in the subject premises including a leak in the main bedroom that had persisted since 2019, lack of heat for "a couple of years" forcing tenant to use space heaters, and a broken refrigerator. Several photographs of the leak and Con Edison bills were entered into evidence. Tenant testified that, although he notified landlord of these conditions, they were never addressed. Landlord testified on rebuttal that he promptly fixed the burner in 2018 to address the lack of heat and that tenant never notified him of any leaks in the ceiling. In a decision dated March 28, 2024, the Civil Court (John S. Lansden, J.) determined that tenant did not prove that landlord breached the warranty of habitability. In two separate final judgments entered March 28, 2024 pursuant to that decision, the Civil Court awarded landlord possession and the sum of $118,200 as against tenant, and possession and the sum of $9,000 as against John Doe and Jane Doe.
On appeal from the final judgments, respondents argue that the petition should have been dismissed because there was no rental agreement after the expiration of the lease, that the court improperly considered landlord's redacted multiple dwelling registration, that tenant should, in any event, have been awarded an abatement of rent, and that the Civil Court erred in awarding landlord $9,000 as against John Doe and Jane Doe.
This court generally does not consider any issue on a subsequent appeal that was raised, or could have been raised, on a prior appeal that was dismissed for failure to prosecute (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; cf. Amaral v Smithtown News, Inc., 172 AD3d 1287 [2019]). We note in passing, however, that a month-to-month tenancy may be created by the payment of rent after the expiration of the lease for an unregulated apartment, and a subsequent default on the obligation to pay rent arising from the creation of such a tenancy may be the basis for a nonpayment proceeding (see Tricarichi v Moran, 38 Misc 3d 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Alice Formey Irrevocable Trust v Edwin, 86 Misc 3d 136[A], 2025 NY Slip Op 51178[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]). That is not the case after the expiration of a rent-stabilized lease (see Fairfield Beach 9th, LLC v Shepard-Neely, 77 Misc 3d 136[A], 2022 NY Slip Op 51351[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]) where no month-to-month tenancy can ever be created (see Fairfield Beach 9th, LLC v Shepard-Neely, 74 Misc 3d 14 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
Respondents' argument that the Civil Court should not have considered landlord's redacted multiple dwelling registration lacks merit, as the court took judicial notice of the unredacted registration on the website for the New York City Department of Housing Preservation and Development. Thus, we need not reach the question of whether landlord was required to prove registration in the first place.
The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, [*3]85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). The Civil Court's determination that tenant did not sufficiently demonstrate that he notified landlord of the alleged conditions in the subject premises and that landlord failed to address those conditions (see 150-15 79th Ave. Owners Corp. v James, 31 Misc 3d 132[A], 2011 NY Slip Op 50606[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Anoula Realty Corp. v Weiss, 16 Misc 3d 133[A], 2007 NY Slip Op 51496[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]) is based on a fair interpretation of the evidence presented. Consequently, tenant's contention that he is entitled to an abatement of rent due to a proven breach of the implied warranty of habitability lacks merit.
Finally, the Civil Court erred in awarding landlord the sum of $9,000 as against John Doe and Jane Doe, as there was no agreement by these undertenants to pay rent (see RPAPL 711 [2]).
Accordingly, the final judgment entered against Bin Zheng is affirmed and the final judgment entered against John Doe and Jane Doe is modified by vacating so much thereof as awarded landlord the sum of $9,000 as against them.
BUGGS, J.P., TOUSSAINT and LIN, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 22, 2026