SAMSON MANAGEMENT, LLC, Appellant, v CORY L. HUBERT, Respondent. [939 NYS2d 138]—

The plaintiff landlord and the defendant tenant were parties to a one-year lease for a rent-stabilized apartment on Staten Island that expired on April 30, 2004. In accordance with the Rent Stabilization Code (hereinafter RSC) (9 NYCRR parts 2520-2531), the plaintiff timely offered the defendant a renewal lease, which the defendant did not execute. After the expiration of the lease, the defendant remained in possession of the apartment until October 6, 2004, and paid the increased rent as specified in the renewal offer.

The plaintiff commenced this action to recover unpaid rent for the remainder of a one-year lease it alleges commenced on May 1, 2004. The Civil Court granted the plaintiff's motion, inter alia, for summary judgment on its cause of action to recover unpaid rent on the ground that the plaintiff properly deemed the lease renewed for a one-year term pursuant to RSC § 2523.5 (c) (2). Thereafter, the Civil Court entered a judgment in favor of the plaintiff for an amount representing seven months of rent less the amount of the defendant's security deposit. The Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Appellate Term), among other things, reversed the judgment and denied the plaintiff's motion for summary judgment. This Court granted leave to appeal, and we now affirm.

Real Property Law § 232-c provides that "[w]here a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over." Instead, a landlord facing a holdover tenant can either commence a proceeding to remove the tenant or accept rent for any period after the expiration of the lease, thereby creating a month-to-month tenancy "unless an agreement either express or implied is made providing otherwise" (Real Property Law § 232-c). This statute abolished the common-law rule that a holdover tenant may be held as a tenant for a new term (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d 991 [1969]).

The Rent Stabilization Law of 1969 (hereinafter RSL) provides that no provision of the RSC "shall impair or diminish any right or remedy granted to any party by this law or any other provision of law" (RSL [Administrative Code of City of NY] § 26-511 [b]). Section 2523.5 (c) (2) of the RSC provides, in

pertinent part: "Where the tenant fails to timely renew an expiring lease or rental agreement offered pursuant to this section, and remains in occupancy after expiration of the lease, such lease or rental agreement may be deemed to have been renewed upon the same terms and conditions, at the legal regulated rent . . . had the offer of a renewal lease been timely accepted."

Here, the Appellate Term properly determined that RSC § 2523.5 (c) (2) is invalid to the extent it impairs a right granted to tenants by Real Property Law § 232-c. The RSC provision purports to provide landlords of rent-stabilized units a remedy to deal with holdover tenants that is expressly precluded by Real Property Law § 232-c. Accordingly, the plaintiff cannot rely on RSC § 2523.5 (c) (2) and deem the prior lease renewed solely by virtue of the fact that the defendant remained in the apartment after the expiration of the lease and, thus, the Appellate Term properly reversed the judgment of the Civil Court and denied the plaintiff's motion for summary judgment on the complaint. Dillon, J.P., Florio, Austin and Roman, JJ., concur.