Rochdale Vil., Inc. v Chadwick (2021 NY Slip Op 50958(U))

[*1]

Rochdale Vil., Inc. v Chadwick

2021 NY Slip Op 50958(U) [73 Misc 3d 131(A)]

Decided on October 8, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1785 Q C

Rochdale Village, Inc., Appellant,
against
Quantavia Chadwick, Respondent. 

Matilde Pena & Associates, P.C. (Matilde Pena of counsel), for appellant.
New York Legal Assistance Group (Beth E. Goldman and Elizabeth Harrington of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Clinton J.
Guthrie, J.), entered October 18, 2019. The order granted a motion by respondent to dismiss the
petition in a nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding, the April 2019 petition alleges that respondent, Quantavia
Chadwick, is the tenant in possession of the subject apartment, which is located in a
Mitchell-Lama development, and that she had been served with a rent demand alleging that she
owed $13,897.26 in arrears from November 2017 through March 2019 pursuant to an occupancy
agreement. It was undisputed that respondent had applied for succession rights in September
2018 and that such application was approved in October 2018. In an order dated October 18,
2019, the Civil Court granted respondent's motion to dismiss the petition on the ground that the
rent demand was not a good faith estimation of the rent owed by respondent as required by
RPAPL 711 (2), in that at least 63% of the alleged arrears had accrued before respondent became
a tenant, which was in October of 2018 at the earliest, and therefore was not the proper basis for
a nonpayment proceeding. We affirm.
"It is well settled that a nonpayment proceeding lies only where there is a landlord-tenant
[*2]relationship between the parties and there has been a default
'in the payment of rent, pursuant to the agreement under which the premises are held' (RPAPL
711 [2])" (329 Union Bldg. Corp. v
LoGuidice, 47 Misc 3d 1, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015];
see 459 Webster Ave., LLC v
Green, 64 Misc 3d 146[A], 2019 NY Slip Op 51349[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2019]; Rutland Rd.
Assoc., L.P. v Grier, 55 Misc 3d 128[A], 2017 NY Slip Op 50370[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2017]). Therefore, the failure to pay use and occupancy is
not a proper basis for a nonpayment proceeding (see Underhill Ave. Realty, LLC v Ramos, 49 Misc 3d 155[A], 2015
NY Slip Op 51804[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Putnam Realty Assoc., LLC v Piggot,
44 Misc 3d 141[A], 2014 NY Slip Op 51306[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2014]; 615 Nostrand Ave.
Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Here, the amounts claimed due from respondent from November 2017 until at least October 2018
were for use and occupancy, not rent, and, thus, petitioner could not be awarded possession based
on a failure to pay such amounts. Moreover, we uphold the Civil Court's determination that the
sum sought in the rent demand was not a good faith approximation of the rent due because, at a
minimum, 63 % constituted use and occupancy and not rent, and, thus, the petition must be
dismissed (see 125 Ct. St., LLC v
Sher, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]).
The successor-in-interest clause contained in the occupancy agreement does not, as petitioner
argues, allow the enforcement of the payment of use and occupancy in a nonpayment proceeding.
A "successor-in-interest is not yet a tenant" and the occupancy agreement therefore only extends
"certain benefits" to respondent (245 Realty Assoc. v Sussis, 243 AD2d 29, 34 [1998]),
which does not include the obligation to pay "rent." Neither the Mitchell-Lama regulation, 9
NYCRR 1727-5.3 (c), nor DHCR memorandum #2019-B-02 dated April 15, 2019 allows an
owner to obtain a possessory judgment for the failure to pay use and occupancy, as they do not
alter the statutory scheme restricting the maintenance of nonpayment proceedings to certain
claims, as set forth in RPAPL 711 (2). Petitioner's remaining arguments are without merit.
Accordingly, the order is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2021