6 W. 20th St. Tenants Corp. v Dezertzov (2022 NY Slip Op 50529(U))

[*1]

6 W. 20th St. Tenants Corp. v Dezertzov

2022 NY Slip Op 50529(U) [75 Misc 3d 135(A)]

Decided on June 27, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 27, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570036/22

6 West 20th St. Tenants Corp.,
Petitioner-Landlord-Appellant, 
against
Michael Dezertzov and Neomi Dezertzov,
Respondents-Tenants-Cross-Appellants,
and NY Loft Kitchen & Home
Interiors d/b/a NYLOFT, Respondent-Undertenant, 
 and Dezer Properties LLC, Respondent-Undertenant-Cross-Appellant, 
 and "John Doe" and/or "Jane Doe,"
Respondents-Undertenants.

Petitioner, as limited by its briefs, appeals from that portion of a final judgment of the Civil
Court of the City of New York, New York County (Elena Baron, J.), entered June 2, 2021, after a
nonjury trial, that dismissed the petition in a nonpayment summary proceeding. Respondents
Michael Dezertzov, Neomi Dezertzov and Dezer Properties LLC, as limited by their briefs,
cross-appeal from that portion of the final judgment that dismissed the counterclaims.

Per Curiam.
Final judgment (Elena Baron, J.), entered June 2, 2021, affirmed, with $25 costs.
On a bench trial, the decision of the fact-finding court should not be disturbed on appeal
unless the court's conclusions could not have been reached under any fair interpretation of the
evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]). Applying that
standard of review here, we sustain the trial court's dismissal of the petition based upon a failure
of proof, in this commercial nonpayment proceeding by a cooperative to recover unpaid capital
assessments.
A nonpayment proceeding may only be maintained to collect rent owed pursuant to an
agreement between the parties, express or implied, and here petitioner failed to meet its burden to
establish the existence of an agreement with respondents to pay the rent and other charges
demanded in the petition (see West
152nd Assoc., L.P. v Gassama, 65 Misc 3d 155[A], 2019 NY [*2]Slip Op 51926[U][App Term, 1st Dept 2019]). Although the
petition alleged the existence of a written lease between the parties, petitioner admitted at trial
that it was not in possession of any proprietary lease, share certificate, transfer agreement or other
direct evidence of any lease agreement with respondents Michael Dezertzov and Neomi
Dezertzov. Further, a fair interpretation of the evidence supports the trial court's findings that the
"circumstantial" evidence petitioner offered at trial to prove such an agreement, including
testimony from its sole witness and excerpts from cooperative board meetings minutes and other
documents, "lacked credibility," and was otherwise "contradictory," "unreliable," and
"inconsistent." Nor was any proof offered that the individual respondents ever paid maintenance
or assessments to petitioner (see Matter of Jaroslow v Lehigh Val. R.R. Co., 23 NY2d
991 [1969]). In these circumstances, petitioner failed to make out a prima facie case and its
petition was properly dismissed (see 459
Webster Ave., LLC v Green, 64 Misc 3d 146[A], 2019 NY Slip Op 51349[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2019]).
A similar lack of evidence supports the dismissal of the counterclaim for a refund of a partial
payment made on behalf of respondent "sponsor" Dezer Properties LLC toward the disputed
capital assessment. The offering plan provided that the sponsor, as holder of unsold shares, was
responsible for the "proportionate share of the cost of renovation required to be made to the
building itself and in any common [areas] of the building." Dezer Properties LLC did not
establish that it was not responsible for the voluntary assessment payment or that the assessment
included work other than renovations to the building and common areas, and its counterclaim
was properly dismissed.
We have examined the parties' remaining arguments and find them unpersuasive.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 27, 2022