170 Spring St. LLC v "Jane Doe" (2022 NY Slip Op 51031(U))

[*1]

170 Spring St. LLC v "Jane Doe"

2022 NY Slip Op 51031(U) [76 Misc 3d 138(A)]

Decided on October 24, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 24, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570164/22

170 Spring Street LLC, 
 Petitioner-Landlord-Appellant, 
against
"Jane Doe,"
Respondent-Tenant-Respondent.

Petitioner-landlord, as limited by its briefs, appeals from so much of an order of the
Civil Court of the City of New York, New York County (Marcia J. Sikowitz, J.), dated
May 5, 2021, which granted respondent-tenant's motion for summary judgment
dismissing the petition with prejudice insofar as it sought rent arrears through November
4, 2018 and denied petitioner's cross motion for summary judgment on liability for rent
accruing from the death of the prior tenant of record, in a nonpayment summary
proceeding.

Per Curiam.
Order (Marcia J. Sikowitz, J.), dated May 5, 2021, insofar as appealed from,
modified by reinstating petitioner-landlord's claims for rent arrears through November 4,
2018; as modified, order affirmed, with $10 costs.
In a prior licensee-holdover proceeding, Civil Court (Jack Stoller, J.), rendered a
final judgment on November 5, 2018, after trial, awarding respondent-tenant herein
succession rights to the 174-6 Spring Street rent controlled apartment at issue, finding
that tenant resided in the apartment for at least two years prior to the December 29, 2012
death of the rent controlled tenant, tenant's grandmother.
In November 2019, landlord commenced the underlying nonpayment proceeding
against tenant seeking rent and other charges dating back to 2015. Insofar as relevant to
this appeal, Civil Court dismissed "with prejudice" any claim for rent owed prior to
November 4, 2018, the date that Judge Stoller held that tenant was entitled to succeed to
the rent controlled tenancy, concluding that there was no landlord-tenant relationship
prior to that time. We disagree and reinstate that claim.
Unlike a rent stabilized tenancy, which is contractual in nature, a rent controlled
tenancy, such as the one at issue, "exists not by contract but by operation of
law—it is a 'statutory tenancy' " (Matter of Duell v Condon, 84 NY2d 773,
779 [1995]). Consistent with the distinction between the two statutory schemes,
succession rights are not automatically vested upon the death [*2]of a stabilized tenant, but remain inchoate until the
occupant's "status as a qualified successor [is] ratified by judicial determination" (245
Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998]). However, here, in the rent control
context, tenant became the statutory tenant upon the 2012 death of her grandmother
(see Matter of Duell v Condon, 84 NY2d 773), and her obligation to pay rent
commenced at that time (see
Edelstein & Son v Levin, 1 Misc 3d 685 [Civ Ct, NY County 2003],
affd 8 Misc 3d 135[A], 2005 NY Slip Op 51190[U] [App Term, 1st Dept 2005]).
The terms and conditions of the expired lease, other than the duration of the lease and the
amount of rent, carried into the statutory tenancy (see Duell at 779), and a
nonpayment proceeding could be maintained against tenant, inasmuch as she has
"defaulted in the payment of rent, pursuant to the agreement under which the premises
are held" (RPAPL 711[2]).
Contrary to the conclusion reached below, landlord's litigation of the succession
issue in the prior holdover proceeding until November 2018, does not now preclude it
from recovering rent due before that date. Tenant's succession, ultimately ratified by the
court, relates back to the 2012 death of tenant's grandmother (see Duell, 84 NY2d
773). Nor is landlord judicially estopped from recovering rent due prior to November
2018 based upon its prior position that tenant was a mere licensee, since that prior
position was unsuccessful (see
TMB Communications v Preefer, 61 AD3d 450 [2009]). Nor is there any other
basis to hold that a landlord forfeits rent when it unsuccessfully challenges a rent control
succession claim.
We do not consider landlord's arguments made for the first time in its reply brief (see Shia v McFarlane, 46
AD3d 320 [2007]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 24, 2022