Almark Holdings Co., LLC v Pizza147 NY LLC (2022 NY Slip Op
51224(U))

[*1]

Almark Holdings Co., LLC v Pizza147 NY LLC

2022 NY Slip Op 51224(U) [77 Misc 3d 130(A)]

Decided on December 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Tisch, JJ.

570472/22
Almark Holdings
Co., LLC, Petitioner-Landlord-Appellant, 
against
Pizza147 NY LLC d/b/a "iPizzaNY,"
Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New
York County (Ilana J. Marcus, J.), entered August 9, 2022, which dismissed the petition
without prejudice, and denied, as moot, landlord's motion to amend the petition, dismiss
tenant's affirmative defenses and for summary judgment in a commercial nonpayment
summary proceeding.

Per Curiam.
Order (Ilana J. Marcus, J.), entered August 9, 2022, reversed, without costs, petition
reinstated, and landlord's motion granted to the extent of dismissing the affirmative
defenses, amending the petition to include rent and additional rent for the period from
March 2020 through July 2021 and, upon such amendment, awarding landlord summary
judgment as to liability for rent and legal fees, and remanding the matter to Civil Court
for an assessment of the amounts owed, and for entry of a final judgment accordingly.

Civil Court should not have dismissed the petition since landlord's written rent
demand, which afforded tenant notice of the particular periods for which rent and other
charges were due and the approximate good faith amount claimed for each such period,
satisfied the requirements of RPAPL 711(2) and was a sufficient predicate for the
maintenance of this nonpayment summary proceeding (see e.g. 54-56 Mgt. Corp. v MTA
Fine Arts Co., Inc., 76 Misc 3d 136[A], 2022 NY Slip Op 50949[U] [App
Term, 1st Dept 2022]; 501
Seventh Ave. Assoc., LLC v 501 Seventh Ave. Bake Corp., 7 Misc 3d 137[A],
2005 NY Slip Op 50799[U] [App Term, 1st Dept 2005]; Brusco v Miller, 167
Misc 2d 54 [App Term, 1st Dept 1995]). The de minimus miscalculation in the rent
demand did not render the notice jurisdictionally defective so as to warrant dismissal of
the petition.
The evidentiary proof submitted by landlord established its entitlement to summary
judgment on liability for unpaid rent due under the governing commercial lease
agreement. In opposition, the affirmation of counsel failed to raise any triable issue of
fact as to liability. Indeed, it was undisputed that tenant did not pay any rent for more
than one year. Nor was any triable issue raised as to tenant's affirmative defenses (see Red Tulip, LLC v Neiva,
44 AD3d 204, 209 [2007], lv dismissed 10 NY3d 741 [2008]). "It is
incumbent upon a [respondent] who opposes a motion for summary judgment to
assemble, lay bare and reveal his proofs, in order to show that the matters set up in his
answer are real and are capable of being established upon a [*2]trial. An opposing affidavit by an attorney without personal
knowledge of the facts has no probative value and should be disregarded" (Di Sabato
v Soffes, 9 AD2d 297, 301 [1959], appeal dismissed 11 AD2d 660
[1960][internal citations omitted]; see Middle States Leasing Corp. v Manufacturers
Hanover Trust Co., 62 AD2d 273, 276 [1978]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court