Sanford Assoc. Holdings LLC v Shekhman (2024 NY Slip Op 51465(U))

[*1]

Sanford Assoc. Holdings LLC v Shekhman

2024 NY Slip Op 51465(U)

Decided on October 21, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 21, 2024
Civil Court of the City of New York, Queens County

Sanford Associates Holdings LLC, Petitioner,

against
Ozzy Shekhman, Respondent.

Index No. L&T 311624/22

Richard J. Pilson, Esq.
Berliner & Pilson, Esqs.
Great Neck, NY
Attorneys for petitioner
Matthew Reichert, Esq.
Queens Legal Services
Jamaica, NY 
Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of petitioner's motion for the entry of a judgment of possession, money judgment, and issuance of a warrant of eviction, and respondent's cross-motion to dismiss pursuant to CPLR § 3211(a)(7):
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #18-22) 
Notice of Cross-Motion & All Documents Annexed 2 (NYSCEF #23-25)
Affirmation (in Opposition and in Reply) & All Documents
Annexed 3 (NYSCEF #30-33)
Affirmation in Reply 4 (NYSCEF #34)
Upon the foregoing cited papers, the decision and order on petitioner's motion and respondent's cross-motion, consolidated for determination herein, is as follows.

PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in August 2022. Counsel appeared for respondent and interposed an answer on August 24, 2022. Following several adjournments of the proceeding, respondent moved to dismiss the proceeding in August 2023. Ultimately, the parties executed a 2-attorney stipulation on March 20, 2024, whereby the motion to dismiss was withdrawn without prejudice. In the stipulation, respondent was recognized as the successor [*2]tenant of the subject rent-stabilized apartment and agreed to sign a renewal lease running from October 1, 2022 to September 30, 2024. Additionally, respondent agreed to pay $12,148.44, which represented rent due under the contemplated renewal lease, by May 31, 2024. Petitioner reserved the right to restore the case for entry of a final judgment and issuance of the warrant. Respondent reserved all defenses, including the defense that he did not have a signed lease until October 1, 2022. 
In June 2024, petitioner moved for the entry of a judgment and the issuance of a warrant, alleging that the $12,148.44 was not paid by May 31, 2024. Respondent then filed a cross-motion to dismiss, arguing that there was no rental agreement between the parties at the time of the commencement of the proceeding and because the rent demand was defective. Following briefing of both motions, the court heard argument on October 15, 2024, and reserved decision.
DISCUSSION/CONCLUSION
The court first considers respondent's cross-motion to dismiss, as it would potentially render petitioner's motion moot if granted (see Datta v. Terrapin Indus., LLC, 2011 NY Slip Op 33562[U] [Sup Ct, Queens County 2011]). The court initially addresses respondent's argument that the proceeding should be dismissed because a rental agreement was not in effect between the parties at the time of commencement. The existence of a rental agreement in effect upon commencement is a fundamental element of a petitioner's prima facie case in a summary nonpayment proceeding brought in the Second Department (see 41 Kew Gardens Rd. Assoc., LLC v. Munarov, 83 Misc 3d 132[A], 2024 NY Slip Op 51165[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; Shepard-Neely, 2022 NY Slip Op 51351[U], *4; 265 Realty, LLC v. Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). In the context of a successor to a rent-stabilized tenancy, rent may not be sought in a nonpayment proceeding until the successor becomes a party to a lease or rental agreement (see Strand Hill Assoc. v. Gassenbauer, 41 Misc 3d 53, 54-55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [citing 245 Realty Assoc. v. Sussis, 243 AD2d 29, 35 [1998]]; 615 Nostrand Ave. Corp. v. Roach, 15 Misc 3d 1, 4 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). 
Respondent, through his attorney, asserts that his late mother's (Lydia Shekhman) lease was in effect until September 30, 2022, and that he did not have a lease in his name until April 2024, when he executed the renewal lease with a commencement date of October 1, 2022. Thus, as he was not a party to a rental agreement at the time of the commencement of this proceeding in August 2022, respondent argues that the instant nonpayment proceeding against him may not be maintained.
Petitioner opposes respondent's motion in its entirety and presents several arguments in response to respondent's claim that no rental agreement with him was in effect at the time of commencement. Petitioner first argues that respondent's obligations, including the obligation to pay rent, should relate back to his mother's death. However, while the principle of the successor tenancy, including the obligation to pay rent, relating back to the death of the former tenant of record has been held to apply in the rent control context, this is specifically because a rent-controlled tenancy is statutory in nature (see 170 Spring St. LLC v. "Jane Doe," 76 Misc 3d 138[A], 2022 NY Slip Op 51031[U], *1-2 [App Term, 1st Dept 2022]). This is in contrast to rent stabilization, where the tenancy is "contractual in nature" (Id.). For that reason, it is the execution of a lease with the successor tenant that creates the obligation to pay rent in the rent-stabilization context (see Gassenbauer, 41 Misc 3d at 54; Roach, 15 Misc 3d at 3-4). Petitioner [*3]argues that this case is distinguishable from Roach, where a relevant fact was the landlord's refusal to offer the successor tenant a proper lease. Petitioner asserts that it timely offered respondent a renewal lease running from October 1, 2022 through September 30, 2024. However, even assuming the truth of this assertion, the lease would not have been effective until after commencement of this proceeding, in August 2022.
Petitioner also argues that respondent's voluntary payment of four (4) months of rent in his own name after his mother's death created a rental agreement upon which petitioner may maintain this proceeding. However, the Appellate Term, Second Department has specifically held that a rent-stabilized tenancy "cannot be monthly because the respective rights and responsibilities of a landlord and tenant under a month-to-month tenancy cannot be reconciled with the respective rights and responsibilities of a landlord and tenant of a rent-stabilized apartment." (Fairfield Beach 9th v. Shepard-Neely, 74 Misc 3d 14, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Therefore, the court does not find that any rent payments made before respondent was a party to a rent-stabilized lease created an agreement under which petitioner could maintain a summary nonpayment proceeding. 
Finally, petitioner effectively argues that respondent acted in bad faith by entering into a stipulation to pay arrears back to October 1, 2022, then seeking dismissal after he was unable to get a "one shot deal" to pay the arrears. However, respondent specifically reserved the right to raise the defense of the lack of a rental agreement until October 1, 2022 in the parties' March 20, 2024 stipulation. Moreover, to obtain relief in a summary eviction proceeding, all elements of petitioner's cause of action must be made out (1646 Union, LLC v. Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). In the absence of a rental agreement in effect upon commencement, petitioner cannot be granted relief in this summary proceeding, notwithstanding any actions or omissions undertaken by respondent (see Trec, 2013 NY Slip Op 50974[U], *2). 
Moreover, petitioner's rent demand is also defective because the entirety of the rent included therein accrued before respondent executed a succession lease. A rent demand that includes rent or use and occupancy due before a successor's tenancy is ratified is defective (see Rochdale Vil., Inc. v. Chadwick, 73 Misc 3d 131[A], 2021 NY Slip Op 50958[U], *2). As a rent demand is a "statutory prerequisite to a nonpayment proceeding [RPAPL 711[2]] and an element of a landlord's prima facie case" (EOM 106-15 217th Corp. v. Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U], * [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), petitioner lacks a cause of action inasmuch as its rent demand is defective.
Accordingly, respondent's motion to dismiss is granted because petitioner lacks a cause of action due to its defective rent demand and the lack of a rental agreement with respondent at the time of the commencement of this summary nonpayment proceeding. The clerk shall issue a judgment dismissing the petition (see CPLR § 411). Petitioner's motion for a judgment and the issuance of a warrant are denied as moot. The parties retain all other claims and defenses not specifically determined herein.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: October 21, 2024
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C.