Alice Formey Irrevocable Trust v Edwin (2025 NY Slip Op 51178(U))

[*1]

Alice Formey Irrevocable Trust v Edwin

2025 NY Slip Op 51178(U)

Decided on July 18, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-912 K C

Alice Formey Irrevocable Trust by William Rozier, Trustee, Appellant, 
against
John Edwin, Respondent, "John Doe", Undertenant. 

Freeman & Associates, LLP (Aldric Freeman of counsel), for appellant.
Golding & Associates, PLLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Tashanna Golden, J.), dated July 1, 2024. The order dismissed the petition, pursuant to CPLR 409 (b), in a nonpayment summary proceeding and denied, as moot, landlord's motion to strike certain of tenant's affirmative defenses and counterclaims.

ORDERED that, the order is reversed, without costs, the petition is reinstated and the matter is remitted to the Civil Court for a determination, on the merits, of landlord's motion to strike certain of tenant's affirmative defenses and counterclaims.
The petition in this nonpayment proceeding states that tenant entered into possession pursuant to an oral agreement to pay rent. Tenant answered, and landlord moved to strike certain of tenant's affirmative defenses and counterclaims. By order entered July 9, 2024, the Civil Court (Tashanna Golden, J.) dismissed the petition, pursuant to CPLR 409 (b) based upon the absence of a written lease, and denied landlord's motion as moot.
RPAPL 711 (2) requires, as a basis for a nonpayment proceeding, that a "tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held." There is no requirement that the agreement be in writing (see e.g. 1081 Flatbush Ave., LLC v Jadoo, 34 Misc 3d 136[A], 2011 NY Slip Op 52394[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Azad v Akhter, 20 Misc 3d 135[A], 2008 NY Slip Op 51523[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; Khokar v Nihar, 15 Misc 3d 134[A], 2007 NY Slip Op 50727[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In Fairfield Beach 9th, LLC v Shepard-Neely (77 Misc 3d 136[A], 2022 NY Slip Op 51351[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]), relied upon by the Civil Court, this court held that, as the rent-stabilized lease for the subject apartment had expired, and no month-to-month tenancy could have been created upon the expiration of the rent-stabilized lease (see Fairfield Beach 9th, LLC v Shepard-Neely, 74 Misc 3d 14, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]), there [*2]was no agreement to pay rent upon which a nonpayment proceeding could be based. That case has no relevance to this nonpayment proceeding seeking possession of a non-regulated apartment based upon the nonpayment of rent pursuant to an oral agreement. 
Accordingly, the order is reversed, the petition is reinstated and the matter is remitted to the Civil Court for a determination, on the merits, of landlord's motion to strike certain of tenant's affirmative defenses and counterclaims.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 18, 2025