UFH Apts. Inc. v Vyskovsky (2025 NY Slip Op 25228)

[*1]

UFH Apts. Inc. v Vyskovsky

2025 NY Slip Op 25228

Decided on October 14, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 14, 2025
Civil Court of the City of New York, New York County

UFH Apartments Inc., Petitioner,

against
Jaroslav Vyskovsky, Respondent.

Index No. L&T 317784/24

Scott D. Gross, Esq.
Westbury, NY
Attorney for petitioner
Carly A. Gartenberg, Esq.
Manhattan Legal Services
New York, NY
Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR § 3211(a)(7), or, in the alternative, for partial summary judgment:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #12-20)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #21-25)
Reply Affirmation 3 (NYSCEF #26)
Upon the foregoing cited papers, the decision and order on respondent's motion to dismiss, or in the alternative, for summary judgment, is as follows.
PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in October 2024. Respondent filed a pro se answer on November 1, 2024. Counsel then appeared for respondent in December 2024. A motion by respondent to amend the answer was granted on July 24, 2025. Thereafter, with leave of court, respondent made the instant motion to dismiss, or in the alternative, for partial summary judgment. After the motion was fully briefed, this court heard argument on October 3, 2025. After the parties were unable to settle, the motion was submitted on October 10, 2025.
DISCUSSION/CONCLUSION
Respondent seeks dismissal on the basis that the rent demand is defective because no lease was in effect for the period covering 31 of the 38 months of rent sought in the demand. [*2]Respondent further alleges that only $7,439.96 (6 months of rent) was due pursuant to a lease out of the $45,828.52 sought in the rent demand. As such, respondent asserts, the demand was not a good-faith estimation of the rents due at the time the demand was served. Petitioner opposes the request for dismissal and argues that a rental agreement existed between the parties, notwithstanding the lack of a written lease for the 31 months highlighted by respondent.
It is well established that a proper rent demand is a required condition precedent in a summary nonpayment proceeding (see Almark Holdings Co., LLC v Pizza147 NY LLC, 77 Misc 3d 130[A], 2022 NY Slip Op 51224[U], *1 [App Term, 1st Dept 2022]; Brusco v Miller, 167 Misc 2d 54, 55 [App Term, 1st Dept 1995]; Schwartz v Weiss-Newell, 87 Misc 2d 558, 561 [Civ Ct, NY County 1976]). At a minimum, a proper demand must "fairly afford the tenant . . . actual notice of the alleged amount due and of the period for which such claim is made." (Schwartz, 87 Misc 2d at 561; see also 542 Holding Corp. v Prince Fashions, Inc., 46 AD3d 309, 311 [1st Dept 2007]; EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
The requirement that rents sought in a summary nonpayment proceeding be due "pursuant to the agreement under which the premises are held" is incorporated in RPAPL § 711(2). A line of cases from the Appellate Term, Second Department, exemplified by Fairfield Beach 9th, LLC v Shepard-Neely, 77 Misc 3d 136[A], 2022 NY Slip Op 51351[U], *4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]), adds the requirement that "there must be a rental agreement in effect at the time the proceeding is commenced pursuant to which rent is due and owing." [Internal citations omitted] (see also 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Shahid v Carillo, 18 Misc 3d 136[A], 2008 NY Slip Op 50278[U] [App Term, 2d Dept, 2d & 11th Jud Dists]). In the First Department, the Appellate Term has not insisted on a current agreement being in effect but in a series of recent decisions, it has nonetheless endorsed the requirement of "an agreement to pay the rent demanded in the petition, for the period sought in the petition." (West 152nd Assoc., L.P. v Gassama, 65 Misc 3d 155[A], 2019 NY Slip Op 51926[U], *1 [App Term, 1st Dept 2019]; see also 7 E. 14, LLC v Libson, 81 Misc 3d 130[A], 2023 NY Slip Op 51261[U] [App Term, 1st Dept 2023]; 6 W. 20th St. Tenants Corp. v Dezertzov, 75 Misc 3d 135[A], 2022 NY Slip Op 50529[U] [App Term, 1st Dept 2022]).
Petitioner does not credibly dispute that there was no written lease between the parties between the expiration of the rent-stabilized renewal lease running from February 1, 2020 through January 31, 2022 and the renewal lease commencing on September 1, 2024. According to petitioner's officer, Nathan Obstfeld, respondent left the apartment in August 2021 because it was not maintained and was in a state of disrepair. He also references respondent being hospitalized for a period of two years. Ultimately, according to Mr. Obstfeld, petitioner restored the apartment in December 2022 and respondent resumed living there in the spring of 2023 (Obstfeld Aff., ¶¶ 3-8). However, there is no explanation as to why the lease was not renewed after January 31, 2022.
As petitioner correctly notes, "the relation of landlord and tenant is always created by contract, express or implied[.]" (Stern v Equitable Trust Co. of NY, 238 NY 267, 269 [1924]). In certain circumstances, an implied or oral agreement will be sufficient for the maintenance of a summary nonpayment proceeding (see Alice Formey Irrevocable Trust v Edwin, 2025 NY Slip Op 51178[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; Tricarichi v Moran, 38 Misc 3d 31, 34 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). However, in the context of rent-stabilization, which is a lease-based regulatory scheme (see Pald Enters. v Gonzalez, 173 [*3]Misc 2d 681, 682 [App Term, 2d Dept, 2d & 11th Jud Dists 1997]), rent may only be sought in a summary nonpayment proceeding upon a breach of a payment obligation pursuant to a rent-stabilized lease or renewal lease (see Fairfield Beach 9th LLC v Shepard-Neely, 74 Misc 3d 14, 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021] ["A rent-stabilized tenancy cannot be monthly because the respective rights and responsibilities of a landlord and tenant under a month-to-month tenancy cannot be reconciled with the respective rights and responsibilities of a landlord and tenant of a rent-stabilized apartment."]; Strand Hill Assoc. v Gassenbauer, 41 Misc 3d 53, 54-55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also 170 Spring Street LLC v "Jane Doe", 76 Misc 3d 138[A], 2022 NY Slip Op 51031[U], *1 [App Term, 1st Dept 2022] [Comparing rent control, where a tenancy is created by operation of law, with rent stabilization, "which is contractual in nature[.]"]. Moreover, a rent-stabilized lease, if not signed, may not be deemed renewed, as such deeming based on mere holding-over impermissibly conflicts with Real Property Law § 232-c (see Samson Mgt., LLC v Hubert, 92 AD3d 932, 933-934 [2d Dept 2012]; but cf. Sacchetti v Rogers, 12 Misc 3d 131[A], 2006 NY Slip Op 51114[U] [App Term, 1st Dept 2006]).[FN1]

Accordingly, in the absence of a rent-stabilized renewal lease for 31 months of the rent included in the rent demand, which constituted 83.8% of the total demanded, the demand failed to state an "approximate good faith sum of rent" that could be collected in a summary nonpayment proceeding (Schwartz, 87 Misc 2d at 561). A rent demand "permits the tenant to choose between timely paying the rent demanded therein—thus preserving the landlord-tenant relationship—or surrendering possession." (Greenport Preserv., L.P. v Heyward, 74 Misc 3d 46, 49 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021] [Internal citations omitted]). A rent demand that does not accurately reflect what is collectible corrupts this choice. While the amounts sought for the period where no lease was in effect may be collectible as use and occupancy in a plenary action, only rent may be sought in a summary nonpayment proceeding (see Rochdale Vil., Inc. v Chadwick, 73 Misc 3d 131[A], 2021 NY Slip Op 50958[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
For the foregoing reasons, the court finds that petitioner's rent demand is defective and cannot support the instant nonpayment proceeding (see Chadwick, 2021 NY Slip Op 50958[U], *2). Respondent's motion is granted accordingly. The alternative request for partial summary judgment is denied as moot. The clerk shall issue a judgment dismissing the petition (see CPLR § 411). The dismissal is without prejudice to either party's underlying claims.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: October 14, 2025
New York, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:As no Appellate Division, First Department decision conflicts with Hubert, the court is bound to follow it under the principle outlined in Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663, 664-665 [2d Dept 1984] (see Rivas v Seward Park Housing Corporation, 219 AD3d 59 n 3 [1st Dept 2023]).