Yorkville Plaza Assoc. LLC v Guo (2025 NY Slip Op 25282)

[*1]

Yorkville Plaza Assoc. LLC v Guo

2025 NY Slip Op 25282

Decided on December 26, 2025

Civil Court Of The City Of New York, New York County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 26, 2025
Civil Court of the City of New York, New York County

Yorkville Plaza Associates LLC, Petitioner,

againstLana Guo, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 310636/24

Shari S. Laskowitz, Esq.Tarter Krinsky & Drogin LLPNew York, NY Attorneys for petitionerThomas Honan, Esq.Manhattan Legal ServicesNew York, NYAttorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR § 3211(a)(7) (seq. 1) and petitioner's cross-motion to amend the petition pursuant to CPLR § 3025(b):
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #10-12) Notice of Cross-Motion & All Documents Annexed 2 (NYSCEF #14-16)Affirmation in Further Support & Opposition (to Cross-Motion) 3 (NYSCEF #17)Upon the foregoing cited papers, the decision and order on respondent's motion and petitioner's cross-motion, consolidated for determination herein, is as follows.
PROCEDURAL HISTORYThis summary holdover proceeding based upon a Ninety (90) Day Notice of Termination and Non-Renewal of Tenancy ("90-Day Notice") was filed in June 2024. Counsel appeared for respondent in September 2024 and later submitted an answer in February 2025. Thereafter, respondent moved to dismiss on the basis that petitioner did not adequately plead a ground for non-renewal under the Good Cause Eviction Law ("GCEL") (L 2024, ch 56, § 1, part HH). [*2]Petitioner opposed the motion and cross-moved to amend the petition. The court heard argument on both motions on April 29, 2025.
DISCUSSIONThe court first addresses respondent's motion to dismiss. Respondent seeks dismissal on the basis that petitioner lacks a cause of action under the GCEL, specifically Real Property Law (RPL) § 216(a)(i), which permits removal of a tenant where the tenant has failed to pay rent due and owing, provided the rent due and owing did not result from a rent increase which is unreasonable. Respondent asserts that as a month-to-month tenant without a lease, petitioner cannot maintain an eviction proceeding predicated upon the nonpayment of rent. Respondent also claims that the petition is defective because petitioner claims a lump sum of rent is due and did not allege that the rents due did not result from a rent increase that was unreasonable. Petitioner opposes the motion in all respects, though it also seeks amendment of the petition, to plead the months of rent allegedly due and to assert that "the rent due and owing, or any part thereof, did not result from a rent increase which is unreasonable." (see NYSCEF Doc. 16 [proposed amended petition]). 
On a motion to dismiss for failure to state a cause of action, the petition "must be construed in the light most favorable to [petitioner] and all factual allegations must be accepted as true." (Burrows v 75-25 153rd St., LLC, 44 NY3d 74, 83 [2025]). Nonetheless, dismissal will result when the plaintiff or petitioner "has not stated a claim cognizable at law." (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 136 [1st Dept 2014]; see also Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).
There is no dispute that the instant proceeding was commenced after the enactment of the GCEL on April 20, 2024 (see QN St. Albans Holdings LLC v Sands, 85 Misc 3d 275, 277 [Civ Ct, Queens County 2024]). While the GCEL's notice requirements did not take effect until August 18, 2024, "the remaining portions of GCEL 'take effect immediately and shall apply to actions and proceedings commenced on or after such effective date [April 20, 2024] (L 2024, ch 56, § 1, part HH, § 7).'" (Sands, 85 Misc 3d at 277). Thus, petitioner was required to plead and demonstrate a good cause for removal on/after April 20, 2024 if the tenancy was subject to the GCEL (Id.; see also Emerald Green Phase II L.P. v Rivera, 86 Misc 3d 1211[A], 2025 NY Slip Op 50916[U] [Civ Ct, Kings County 2025]). 
Petitioner does not dispute that respondent's tenancy is subject to the GCEL. Petitioner also does not concede that its original petition is defective. However, it seeks amendment to specifically state the months of rent alleged to be due and to state that the rents due did not result from an unreasonable increase. While not fully dispositive as to respondent's motion, the court finds that petitioner has set forth a sufficient basis to amend its petition to amplify the GCEL-related allegations at this juncture without causing respondent undue prejudice or surprise (see Badesch v Fort 710 Assoc., L.P. 233 AD3d 604, 604 [1st Dept 2024] [citing CPLR § 3025(b)]; Sin Hang Lau v Yun He Zheng, 86 Misc 3d 859, 864 [Civ Ct, Kings County 2025] [permitting amendment to comply with GCEL pleading requirements]). Petitioner's cross-motion to amend the petition is granted accordingly and the proposed amended petition (NYSCEF Doc. 16) is deemed served and filed. 
Upon amendment, the court will assess respondent's remaining argument, that petitioner cannot maintain a proceeding based on RPL § 216(a)(i) resulting from nonpayment of rent, as respondent is a month-to-month tenant without a written rental agreement in effect. Respondent's argument tracks the First Department appellate caselaw applicable to summary [*3]nonpayment proceedings, which has held that such proceedings may only be maintained where there is a rental agreement in effect for the rents sought (see 7 E. 14, LLC v Libson, 81 Misc 3d 130[A], 2023 NY Slip Op 51261[U] [App Term, 1st Dept 2023]; West 152nd Assoc., L.P. v Gassama, 65 Misc 3d 155[A], 2019 NY Slip Op 51926[U], *1 [App Term, 1st Dept 2019]; 6 W. 20th St. Tenants Corp. v Dezertzov, 75 Misc 3d 135[A], 2022 NY Slip Op 50529[U] [App Term, 1st Dept 2022]).[FN1]
This requirement in nonpayment proceedings arises from language in RPAPL § 711(2), which allows for a proceeding to be maintained where the tenant has "defaulted in the payment of rent, pursuant to the agreement under which the premises are held[.]" (emphasis added). Generally, at least in the First Department, a month-to-month rental agreement will not suffice as the source for a nonpayment proceeding (see Gassama, 2019 NY Slip Op 51926[U], *2 ["[T]here was no agreed rental amount for any month ensuing after tenant ceased paying rent."]; Krantz & Phillips, LLP v Sedaghati, 2003 NY Slip Op 50032[U] [App Term, 1st Dept 2003]).[FN2]

The instant proceeding is not brought pursuant to RPAPL § 711(2). Instead, it is a holdover proceeding based on non-renewal pursuant to a ground permitted by the GCEL. To be certain, there are similarities between these two types of proceedings, as described by Judge Logan J. Schiff in 1719 Gates LLC v Torres, 85 Misc 3d 906 [Civ Ct, Queens County 2024]). However, nothing in RPL § 216(a)(i) requires a default in rent "pursuant to the agreement under which the premises are held," as is the case with a summary nonpayment proceeding. Nonetheless, rent is distinguishable from use and occupancy, since the obligation to pay the former flows from a rental agreement, whether express or implied (Stern v Equitable Trust Co. of NY, 238 NY 267, 269 [1924]; Rochdale Vil., Inc. v Chadwick, 73 Misc 3d 131[A], 2021 NY Slip Op 50958[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). The amended petition here describes an initial written lease dated April 20, 2008, petitioner's acceptance of ERAP (Emergency Rental Assistance Program) funds during the COVID-19 period, and respondent's continuance in possession thereafter as a month-to-month tenant. It also states that "rent and/or use and occupancy" is due in the amount of $129,311.87 for the period running from November 2022 through April 2025. 
Based on the plain statutory language of RPL § 216(a)(i), the court does not find that the legislature intended to create a basis for non-renewal under the GCEL solely for nonpayment of [*4]use and occupancy (see Riley v County of Broome, 95 NY2d 455, 463 [2000] ["[T]he words of the statute are the best evidence of the Legislature's intent."]). Only nonpayment of rent at an amount not resulting from an unreasonable increase is sufficient as a basis for nonrenewal. While the amended petition is inartful in its conflation of rent and use and occupancy, in construing the amended petition in the light most favorable to petitioner, the court does not find that dismissal is warranted at this juncture. Petitioner has pleaded sufficient facts to make out a cause of action under RPL § 216(a)(i). The court stresses, however, that petitioner will ultimately have to prove the elements of RPL § 216(a)(i), including the existence of rent due and owing, to be afforded relief in this summary eviction proceeding (see Matter of 200 Claremont Ave. Hous. Dev. Fund Corp. v Estate of Elsie Lewis, 2025 NY Slip Op 07084, *1 [1st Dept 2025]; 1646 Union, LLC v Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept 2019]),
CONCLUSIONBased on the foregoing determinations, respondent's motion to dismiss is denied and petitioner's cross-motion to amend the petition is granted. Upon the amendment of the petition, the court will permit respondent to interpose an amended answer by January 15, 2026 (see CPLR § 3025(d)).[FN3]
The proceeding will be restored for all purposes, including trial transfer, on January 27, 2026 at 9:30 AM in Part D, Room 524.
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: December 26, 2025New York, New YorkHON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:The Appellate Term, Second Department has imposed the additional requirement that a rental agreement must be in effect upon commencement of the nonpayment proceeding (see Fairfield Beach 9th, LLC v Shepard-Neely, 77 Misc 3d 136[A], 2022 NY Slip Op 51351[U], *4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]); 265 Realty, LLC v Trec, 39 Misc 3d 150[A], 2013 NY Slip Op 50974[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). This court discussed these issues in detail in UFH Apts. Inc. v Vyskovsky, 2025 NY Slip Op 25228 [Civ Ct, NY County 2025]).

Footnote 2:In the Second Department, there is some support for a month-to-month agreement being a sufficient basis for a nonpayment proceeding, excepting rent-stabilized tenancies (see Alice Formey Irrevocable Trust v Edwin, 2025 NY Slip Op 51178[U] [App Term, 2d Dept, 2d, 11th &13th Jud Dists 2025]; Tricarichi v Moran, 38 Misc 3d 31, 34 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).

Footnote 3:No prejudice shall result from the failure to file an amended answer.